LAWRENCE BRUBAKER, by next friend, Respondent, v. KANSAS CITY ELECTRIC LIGHT COMPANY, Appellant.

Kansas City Court of Appeals, May 4, 1908.

1. **ELECTRIC WIRES: Ownership: General Denial: Evidence.** If defendant permits a cause to be tried on the assumption that it owns the instrumentality complained of, slight evidence of such ownership is sufficient; but where under a general denial the defendant evinces a purpose to contest the ownership the plaintiff should be held to the burden of treating the fact as one for the jury. But the record discloses sufficient evidence to send the question to the jury.

2. ————: **Negligence: Insulation: Repairs.** A company maintaining electric wires charged with heavy voltage in the public streets and alleys of a city must exercise the highest degree of

care to use none but thoroughly insulated wires and to place the wires where the insulation would not be destroyed and be vigilant to discover and repair defects which permit the escape of electricity.

3. ———: ———: Proximate .Cause. A negligent defendant is not liable except for the natural and probable results of his negligence and the consequences which ordinarily follow and may be reasonably anticipated from it.

4. ———: ———: ———: Trespassers: Reasonable Time. Where an electric company has reasonably sufficient time by the exercise of the highest degree of care to discover destroyed insulation and depending wires from its lines and repair the same before the alleged injury, it cannot be heard to excuse itself on the ground that some trespasser put the depending wires there, since it is its duty to detect and abate such non-repair and. its negligence supersedes the act of the trespasser in the chain of causation.

5. ———: ———: ———: Contributory Negligence: Jury. Evidence relating to the contributory negligence of a boy of nine years old is considered and held to present an issue for the jury.

6. ———: ———: ———: Trespasser: Reasonable Time: Instruction. An instruction relating to the question of reasonable time to discover and repair the act of a trespasser in rendering an electric wire dangerous is held improperly refused.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

Reversed and remanded..

*Boyle, Guthrie, Howell & Smith* for appellant.

(1) Did plaintiff prove that defendant owned or maintained the wires in question, and if so was that issue fairly submitted to the jury? (2) The issue submitted in plaintiff's instruction was not the issue made in his petition. (3) There was no evidence of knowledge or notice of this wire by defendant. (4) What was the proximate cause of the accident? Luehrman v. Laclede Gas Light Co., 127 Mo. App. 213; 104 S. W. 1128. (5) Was the plaintiff guilty of contributory negligence?

*Joseph G. Littick* and *George W. Littick* for respondent.

(1)   Persons who for their own private gain or profit, send the dangerous agency, electricity, out, into the streets and `alleys of a city, are bóund to use the utmost care in preventing the escape from the wires of the electrical current to the injury of others.  Geissman v. Electric Co., 173 Mo. 678; Winkelman v. Electric Light Co., 110 Mo. App. 184; Girarandi v. Electric Imp. Co., 107 Cal. 124; Haynes v. Gas Co., 114 N. C. 211; McLaughlin v. Electric Light Co., 100 Ky. 173; Perham v. Electric Co., 33 Ore. 451; 1 Thompson on Negligence (2 Ed.), sec. 797; Electric Co. v. Simpson, 21 Colo. 371; Coal Co. v. Ratchford, 5 Kan. App. 150; Frauenthal v. Light Co., 61 Mo. App. 8; Larson v. Railway, 56 Ill. App. 263, 267.   (2)   Such persons are bound to the utmost care in inspecting the wires carrying the electrical current and to remove or remedy any defect thereon, no matter how created or by whose fault or act.   Geissman v. Electric   Co.,   173 Mo.   678; Winkelman v. Light Co., 110 Mo. App. 184; Griffin v. Light Co., 164 Mass. 492; Mitchell v. Light Co., 45 So. Car. 146; Cook v. Electric Co., 9 Houston (Del.) 309; Light Co. v. Orr, 59 Ark. 215; Coal Co. v. Ratchford, 5 Kan. App. 150; Railway v. Owings, 97 Ga. 663, 666; 1 Thompson on Negligence. (2 Ed.), sec. 892; Turton v. Electric Co., 185 Pa. St. 409; Larson v. Railway, 56 Ill. App. 267; Haynes v. Gas Co., 114 N. C. 211; Railway v. Shelton, 89 Tenn, 423; Illingsworth v. Light Co., 161 Mass. 583.   (3)   These duties it owes to all persons who are injured at places where they are entitled as of right to be for purposes of business or pleasure.   Geissman v. Electric Co., 173 Mo. 674; Ennis v. Gray, 87 Hun 359; Griffin v. Electric Light Co., 164 Mass. 492; Perham v. Electric Co., 33 Ore. 477; McLaughlin v. Electric Light Co., 100 Ky. 173; Railway v. Owings, 97 Ga. 666; Overall v. Electric Light Co., 47 S. W.

442; Girarandi v. Electric Imp. Co., 107 Cal. 120. (4) A defendant who has failed to exercise ordinary care will not be excused by the fact that the injury in its manner of occurrence could not reasonably have been anticipated. It is sufficient if the injury is the natural result of some act or omission of the defendant's, which the defendant could reasonably anticipate would probably cause some injury. Hoepper v. Hotel Co., 142 Mo. 378; Miller v. Railway, 90 Mo. 394; Graney v. Railway, 140 Mo. 98; Smith v. Railroad, Law Reports, 6 Common Pleas, 20; Dixon v. Scott, 181 Ill. 116; 21 Am. and Eng. Ency. of Law (2 Ed.), p. 488. (5) A defendant whose negligent acts or omissions have directly contributed to plaintiff's injury will not be excused by the fact that other causes for which he was not responsible have also contributed proximately to the injury in such a manner that but for them the injury would not have happened. Love v. Manufacturing Co., 160 Mo. 626; Bassett v. St. Joseph, 53 Mo. 300; Musick v. Dold Packing Co., 58 Mo. App. 322; Brennan v. St. Louis, 92 Mo. 482; Hull v. Kansas City, 54 Mo. 598; Waller v. Railroad, 59 Mo. App. 426; Meade v. Railroad, 68 Mo. App. 101; McDermott v. Railroad, 87 Mo. 301; Ring v. Cohoes, 77 N. Y. 83.

JOHNSON, J.—Plaintiff, a minor, brought suit by his next friend to recover damages resulting from personal injuries which he alleges were caused by the negligence of defendant. Verdict and judgment were for plaintiff in the sum of one thousand dollars. Defendant contends for a reversal of the judgment on the ground that its demurrer to the evidence should have been sustained, and first we shall consider the questions involved in that contention.

The injury occurred on the afternoon of August 23, 1905, in a public alley between Seventh and Eighth streets in Kansas City. Plaintiff, a boy nine years

old, while at play in the alley near its intersection with Prospect avenue, grasped the end of a wire which was hanging loose from an overhead electric wire and received a shock of electricity of sufficient force to produce immediate unconsciousness and to inflict severe physical injuries, the nature and extent of which need not be considered since no suggestion is made of an excessive verdict.

Defendant, a corporation doing business in Kansas City, manufactures and supplies electricity for domestic and industrial uses and distributes it over the city by means of wires strung on poles. One of its lines ran along the alley where plaintiff was playing. Near that point the wires passed among the branches of a tree at a height from the ground of about twenty feet. Witnesses testified that during a period of two months or more before the date of injury, they observed that one of the wires had come into contact with a limb of the tree and as a result of chafing caused by the swaying of the limb, had been stripped of its insulation for the space of five or six inches. A deep burn in the wood and occasional appearances of fire at the point of contact demonstrated that some of the fluid was being deflected from the wire to the tree. Further, they noted that someone had attached one end of a piece of wire to the wire described, at the place where it was bare and had permitted the other end of the wire thus attached to hang loose. The free end reached almost to the ground. This swinging wire was insulated except for a short space at each end where the insulation had been worn or stripped off. It was from its loose end that plaintiff received the injurious shock.

The petition contains the allegation that "defendant knew or could have known by the exercise of reasonable care and caution of the dangerous condition of the obstruction of said wire so placed or attached to its overhead line, conveying said dangerous and deadly current

of electricity, in time to have averted said accident, but carelessly, recklessly and wrongfully suffered and permitted said wire to remain attached to its overhead line, and suspended therefrom in said public place, so imperfectly, insufficiently and improperly insulated, and become charged with said dangerous and deadly current of electricity, to hang and trail over, in, upon and along the public place at said point, and plaintiff while in the lawful use of said public place, at said point, and while in the exercise of due care and caution, came in contact with said wire," etc. The answer filed contains a general denial and a plea of contributory negligence.

First, defendant argues that its request for a peremptory instruction should have been granted because of the failure of plaintiff to show by substantial evidence that defendant owned the wire from which the injuring current escaped to the suspended wire. The general denial put in issue all of the constitutive facts of the cause of action pleaded, among them the fact that the wire in question was the property of defendant, or, at least, was being used by defendant in the transmission of the electric current that inflicted the injury and the burden was on plaintiff to establish by proof the existence of that fact. Defendant was not required to prove a negative, and its failure to offer any evidence on the issue did not relieve plaintiff of his burden. It has been held that where a defendant suffers a cause to be tried on the assumption that he is the owner of the instrumentality from which the plaintiff received his injury, slight evidence of the fact of such ownership will suffice to support a verdict in favor of plaintiff. [Oyler v. Railway, 113 Mo. App. 375.] But in the present case, counsel for defendant, in the examination of plaintiff's witnesses, clearly evinced a purpose of contesting the issue and, therefore, cannot be said to have conceded, in effect, the fact of defendant's ownership of the wire or of the damaging current. In the absence of such

implied concession, the rule stated in the Oyler case is without application and plaintiff should be held to the burden of treating the fact as one of the issues to go to the triers of fact. Turning to the record, we find before us evidence adduced by plaintiff of sufficient evidentiary strength to take the issue to the jury under the rule just stated. One of the witnesses examined on the subject testified, in part, as follows:

"Q. What kind of a wire was this that projected down to the ground? A. Why, it seemed to be one wire ran down as far as I noticed. Q. Where was it attached at the top? A. Why, it was attached to the electric wire. Q. Attached to the electric wire? A. Yes, sir. Q. What electric wire? A. The Kansas City Electric Light Company's wire. Q. Now is that the main wire that passes from post to post? A. Yes, sir. Q. Now, was it attached to one of those wires? A. It was attached to one of them wires, yes, sir."

The foregoing is from the examination in chief. On cross-examination, the witness testified:

"Q. You say these are the Kansas City Electric Light Company's wires? You simply understood that to be the fact? You don't know that to be the fact, as a matter of fact? Somebody said that thing to you? A. I know that is their wire there because I get the benefit out of some of it. Q. You use it? A. I use some of it there—that Electric Light Company's wire. Q. Do you use these wires? A. Well, I don't know whether that is the branch off the main line or not. Q. You don't know whether this is a branch of this company's wires or not, but you just suppose it; isn't that true, Mr. Grimm? A. No; I believe that is the first wire that was put up there. Q. Are these arc light wires, or wires that supply residences? A. Supposed to feed our arc light there. Q. Now, you say the wires that you claim to be the Kansas City Electric Light wires are the wires—and we are talking about these wires in ques-

tion—are the wires that feed the arc lights? Is that what you say now? A. Yes, sir."

The witness hardly could have been more positive in his statement and in the absence of a showing to the contrary, we must assume he testified from knowledge and not from mere hearsay. If such were not the fact, defendant should have made further use of the weapon of cross examination to test the accuracy and reliability of his means of knowledge.

Further, it is contended that the negligence of defendant, if any, in permitting its wire to remain uninsulated at the place where it was in contact with the tree was shown by the evidence to be a remote and not a proximate cause of the injury. It appears from the evidence introduced by defendant that in the preceding June, two boys had set up a lemonade stand at the foot of the tree and later had changed the business into a juvenile printing office. These boys testified they discovered the hanging wire when they built the stand and immediately removed it from its attachment to defendant's wire and kept it in or about their stand until the day when plaintiff was injured, when they dismantled their office and, in order to leave things in the condition in which they found them, reattached the piece of wire to the place in defendant's wire whence it had been removed. This was done some three or four hours before plaintiff was injured. Counsel for defendant base much of their argument on the hypothesis of facts presented by this evidence, but we cannot consider that part of the argument, since we find the facts thus assumed by counsel to be contradicted by substantial evidence introduced by plaintiff, and, in disposing of the demurrer to the evidence, we must accept as proved the facts and circumstances in evidence most favorable to the cause of action pleaded. Witnesses for plaintiff say the wire with which plaintiff came in contact was hanging from defendant's wire without interruption for

a period of at least two months preceding the date of injury. We adopt their version of the facts and reject that of the boys who were introduced by defendant to disprove it.

The record does not show who fastened the loose wire to defendant's wire but should we assume that it was placed there by some third persons who acted without the consent or knowledge of defendant, still we would not be justified in declaring that such wrongful act should be regarded as the sole proximate cause of the injury. It must be conceded that defendant was negligent in so constructing its line that one of its wires which carried a dangerously powerful current would come into contact with the limb of a tree in a way to destroy the insulation and thereby permit electricity to escape from its proper channel. Defendant, in building and maintaining its lines in the public streets and alleys of the city, was charged with the duty to exercise the highest degree of care to use none but thoroughly insulated wires in the transmission of high voltage currents; to place the wires where the insulation would not be destroyed and, thereafter, to be vigilant to discover and repair any defect which might permit electricity to escape from the wires and to come into contact with persons rightfully using the public thoroughfares. We think the facts that defendant constructed its line in the manner described and permitted it to remain for two months with a bare wire in direct contact with the tree, of themselves, raise a presumption of negligence. But such negligent act alone could not have caused the injury to plaintiff. With the exposed wire twenty feet above the ground, the current could not and did not reach the ground except through the intervention of a foreign agency. Obviously some third persons—probably playful boys—climbed the tree and attached the loose wire, thereby making it possible for the current to be diverted from its proper course. Was this a result

which defendant, in the exercise of the highest degree of care should have anticipated as a natural consequence of its negligence in suffering its wire to remain uninsulated? We think not. A defendant charged with negligence should not be held liable except for the natural and probable results of such negligence. *"Causa proxima non remota spectatur"* is a principle of common acceptation and application in our jurisprudence.    The books are full of definitions of the test to be applied in solving the question of whether a given negligent act should be treated as a direct or a remote cause of the resultant injury, but that given by Judge SANBORN in Cole v. German Savings & Loan Soc., 124 Fed. 114, clearly expresses our own conception of the proper rule:

"An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, and such an act is either the remote cause, or no cause whatever, of the injury. An injury that results from an act of negligence, but that could not have been foreseen or reasonably anticipated as its probable consequence or that would not have resulted from it had not the interposition of some new and independent cause interrupted the natural sequence of events, turned aside their course, and produced it, is not actionable. Such an act of negligence is the remote, and the independent intervening cause  is the  proximate, cause of the injury. A natural consequence of an act is the consequence which ordinarily follows it—the result which may  be reasonably  anticipated from  it." Further, it has been said that "the independent intervening cause that will prevent a recovery on account of the act or omission of a wrongdoer must be a cause which interrupts the natural sequence of events, turns aside their course, prevents the natural and probable

result of the original act or omission, and produces a different result that could not have been reasonably anticipated." [56 Fed. 993.].

These principles were followed recently by the St. Louis Court of Appeals in Leuhrmann v. Gas Light Co., 127 Mo. App. 213; 104 S. W. Rep. 1128. There trespassing boys had thrown a baled hay wire over defendant's electric light wire at a place where the insulation was off of the light wire. A few moments later, in passing, plaintiff came into contact with the baled hay wire and received a severe shock of electricity. Held in an action brought against the Electric Light Company that the demurrer to the evidence properly was sustained. We quote from the opinion as follows: "Defendant's line was not in trouble until the baled hay wire was pushed along its wire to the point where the insulation was off and this was not done until a few moments before the accident, and it seems to us to hold the defendant liable we must hold it was responsible for the act of the trespassing boys. To do this would practically make defendant an insurer of the lives and limbs of every person against loss or injury caused by the wrongful and unlawful tampering with its wires by any and all persons whomsoever. Our Supreme Court has not gone so far, and we will not take the step of our own volition."

Our conclusion is that the failure of defendant to construct its line properly and to repair the defect in its wire, of itself, should not be regarded as a direct cause of the injury and plaintiff's right to recover must rest on other negligence of defendant which we shall now discuss. If it be true as stated by plaintiff's witnesses that a foreign wire had been hanging continuously from defendant's wire for two months or more, the conduct of defendant in not removing it was negligence which should be treated as a proximate cause of the injury. Whether or not it had actual knowledge of the

situation, it is a fair inference to say defendant had constructive knowledge of it and the jury was entitled to indulge in the inference that in the course of so long a period of time, an ordinarily careful and prudent person in the exercise of the highest degree of care would have discovered the presence of the menacing wire and removed it. Possessing either actual or imputed knowledge of the fact that the wire was there, defendant will not be heard to excuse itself on the ground that some trespasser put it there. No matter by what means the danger arose, it was the duty of defendant to act with due care to detect and abate it and its negligent failure to do this can appear in no other light than as negligence which superseded that of the trespasser in the chain of causation. Knowing that the wire was there and given a reasonable time in which to remove it, defendant, in legal effect, adopted the act of the trespasser as its own and thereafter became liable for its injurious consequences to the same extent it would have been had it expressly authorized the hanging of the wire. Plaintiff was entitled to go to the jury on the issue of defendant's conduct in the respect just considered unless we find that plaintiff should be pronounced guilty in law of negligence which directly contributed to his injury.

We learn from the evidence that shortly before the injury some boys, playmates of plaintiff, had seized the wire and been slightly shocked therefrom. When plaintiff approached it, his companions told him not to touch it as it might shock him. He replied that he was not afraid, grasped the wire and fell over. Defendant argues from these facts that "there is no real difference in principle between the conduct of a boy and the conduct of an adult if each of them knows that the thing he is about to do is a dangerous thing to do. Ignorance of all the possible effects of the negligent act does not excuse one guilty of negligence from the consequences of

his negligent act, if the act itself is negligent, then that negligence bars a recovery." The fallacy of this argument lies in the assumption that a child nine years old, a mere baby, should be held to the exercise of the discretion and judgment expected of an adult. Suppose plaintiff were told that he might be shocked if he took hold of the wire, he knew that other boys of his age had been shocked in that way and had escaped serious injury and why should he deny himself the joy of the same novel experience? Could anything be more natural in a boy of such tender age than to do the very thing his playmates had done? If he did nothing more than one would expect from a person of his age and apparent understanding, it would be a solecism to declare his act excessive. "The immaturity of youth ordinarily embraces not only an imperfect knowledge of natural facts and laws and of the proper relation between cause and effect, but when possessed of these elements necessary to the exercise of reasonable care, it still lacks the discretion, thoughtfulness and judgment presumed to be an attribute of the ordinarily prudent adult and which may be said to come only with experience." [Mann v. Railway, 123 Mo. App. 486.] A reasonable mind well might indulge the conclusion that plaintiff acted in the manner of a child of his age and capacity and this being true, the question of contributory negligence was essentially an issue for the jury to determine.

The views expressed necessitates the holding that no error was committed by the trial court in overruling the demurrer to the evidence.

We find that error was committed in the refusal to give the following instruction asked by defendant: "If you believe from the evidence that the wire with which plaintiff claims to have come in contact was hung over an electric light wire of defendant, by some person or persons over whom the defendant had no control, on the day of which plaintiff claims to have been injured,

and that defendant did not have knowledge or notice of the presence of such wire at the time plaintiff claims to have been injured, and that its failure to have such knowledge or notice was not the result of negligence on its part, then your verdict must be for the defendant."

The action of the learned trial judge in refusing this instruction was in direct conflict with the opinion of the St. Louis Court of Appeals in Luerhmann v. Gas Light Co., supra, which we consider correctly defines and applies the principles of law applicable to the facts of that case. As we have shown, defendant introduced substantial evidence to the effect that the hanging wire had been taken down some two months before the date of the injury and had not been replaced until a few hours before that occurrence. The instruction under consideration properly presented this evidence for the consideration of the jury. For the reasons already given in our discussion of the question of proximate cause, it is manifest that if the hanging wire had been in place for a time too short for defendant, in the exercise of the highest degree of care to have discovered its presence and then to have removed it, defendant should not be held liable for the injurious consequences resulting from the wrongful or negligent act of a trespasser.

Other points are made by defendant, but we find them without merit. For the error noted, which we regard as prejudicial, the judgment is reversed and the cause remanded. All concur.