CITIZENS' RY. & LIGHT CO. v. CASE et al.

(Court of Civil Appeals of Texas. Texarkana. June 8, 1911.)

1. ELECTRICITY (§ 16*) — DEFECTS CAUSING PERSONAL INJURY.

Plaintiff's minor son was burned by electricity from a chain attached to an electric light post, resulting from a connection made between the wire of defendant railway and light company and the chain. Why the connection was made or its purpose was not clearly shown; the only purpose indicated being to hold the beam supporting the city arc light out at the position it was made to occupy. The only testimony as to who made the connection was that witness saw a man on top of the pole at work the day before the accident, but that he did not know whether he was working for the railway company or the city. *Held*, that since the only duty which the railway company owed to plaintiff's son was to exercise ordinary care to protect and maintain its wires so as to prevent electricity from passing therefrom into the chain after it knew, or should have known, that the connection had been made, the court erred in refusing to limit the railroad company's liability to negligence in failing to remedy the dangerous condition after it had acquired knowledge thereof, or by the exercise of ordinary care might have known of it.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 9; Dec. Dig. § 16.*]

2. TORTS (§ 22*)—JOINT TORT-FEASORS—MEASURE OF LIABILITY.

Where plaintiff sued two defendants jointly for injuries to his minor son resulting from electricity communicated from the power wire of an electric railway company to a chain connected with a city electric light, and recovered a verdict against both, the court erred in rendering judgment against each defendant for one-half the amount of the recovery, under the rule that persons liable for a joint tort are each liable for the entire damage.

[Ed. Note.—For other cases, see Torts, Cent. Dig. §§ 29–31; Dec. Dig. § 22.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by J. C. Case and others against the Citizens' Railway & Light Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Flournoy, Smith & Storer, for appellant. Smith, Turner & Bradley, for appellees.

WILLSON, C. J. Appellee J. C. Case, suing for himself and as next friend for his son, Jim Case, a boy nine or ten years of age, alleged that on or about April 19, 1909, appellant and the City of Ft. Worth, named as defendants in the suit, had constructed and were maintaining certain poles in said city on which they had strung certain wires which they used for conducting electricity for lighting purposes; that said defendants "acted," quoting from the petition, "with great and gross negligence in maintaining a certain chain or wire on a certain post located on the sidewalk on the south side of East First street, near its intersection with the right of way of the Gulf, Colorado & Santa Fé Railway Company's track, by letting the said chain or wire come within a few inches of the ground, and permitting the same to become charged with a current of electricity and thereby endangering the lives of those who passed around, and especially the life of plaintiff's said minor son, Jim Case; that the city of Ft. Worth maintains an arc light at said place, and for this

purpose had attached an iron rod or arm to the said post, and a small chain was so fastened to the said iron rod or arm that it ran the entire length of the said iron rod and the said post and then down the said post to the ground, as aforesaid, and the said defendant, the Citizens' Railway & Light Company, also maintained· on said post certain wires, and the said defendants were further negligent in tying or permitting to be tied the said iron rod to one of the said wires, thereby charging the said iron rod and the said chain with a current of electricity from the said wire, and which said chain, which extended down the said post as aforesaid, when it came in contact with plaintiff's said minor son as he was walking along and upon said street, greatly shocked and burned the said Jim Case; that the said defendants, their agents, servants, and employés acted unskillfully, illegally, and with gross negligence in permitting said chain to become charged with a current of electricity at said time and place, and were further negligent in not so maintaining the said wire at such a distance from the ground that parties walking along and upon said sidewalk would not come in contact with the same, when the same was charged with a current of electricity, and that by reason of said negligent acts the said minor son was injured by being burned and shocked as hereinafter alleged," etc.   The defendants answered separately.   The verdict of the jury was in favor of the appellees against both appellant and the city, but appellant alone appealed from the judgment.

[1] The court instructed the jury that it was appellant's duty, if it "maintained on the post or in connection with any appliances leading to the same a wire to conduct electricity in aid of its lighting plant, * * * to use ordinary care to so protect and maintain the same as to prevent the chain extending down said post from becoming so charged with electricity as to be dangerous and unsafe to the public or to any person who might probably pass and come in contact therewith," and that it would be negligence on the part of appellant if it failed to "use such ordinary care to prevent the chain extending down the post from becoming charged with a current of electricity."   In another paragraph of his charge the court told the jury, if they believed appellant had so failed, to find against it; other specified facts being also found by them to exist.   Appellant requested the court to instruct the jury to find in its favor unless they believed from the evidence that it "had such knowledge of the dangerous condition of the wires and connection and appliances at the place where the accident occurred as would have put a reasonably prudent person on notice that in the exercise of all due care to protect the public it was neces-sary to remedy said dangerous condition," and further believed that, having such notice, "it failed to exercise such due care and diligence to remedy said dangerous condition."   The action of the court in charging the jury as indicated and in refusing to charge them as requested is assigned as error.   The contention is that the evidence showed without dispute that appellant had used due care in placing, protecting, and maintaining its wires at the place where the accident occurred, and that the only issue made by the testimony as to negligence on its part was one made by testimony showing that about two hours before the accident occurred it was notified of the dangerous situation caused by the connection between its wire and the chain referred to.   We have concluded after examining the record that the contention should be sustained.   It appeared from the testimony that, as placed and maintained by it before it was connected with the chain, appellant's wire did not in the least endanger any one who might get in contact with the chain while using the sidewalk.   The dangerous situation which existed at the time appellee's son was injured was brought about and existed entirely because of a connection made between appellant's wire and the chain.,   When this connection was made does not clearly appear from the record, but perhaps it may be inferred that it was made on the day before the accident occurred.   Why the connection was made is entirely a matter of inference from the record.   The only purpose it seems to have served was to hold the beam supporting the city light out of the position it was made to occupy.   By whom the connection was made was not shown further than as indicated by the testimony of the witness Haywood, as follows: "I do not know who the man was that connected the two wires up there together, the Citizens' wire and the city's wire, with this piece of wire.   I saw him up there doing something, but I do not know what he did.   I do not know whether the man up there was working for the city or the light company."   If it was permissible for the jury to infer from the testimony quoted that the man who made the ·connection was an employé of appellant, it perhaps should not be said that the instruction complained of was erroneous because without evidence to support it.   But we think such an inference reasonably could not have been drawn from that testimony.   The connection served no purpose of appellant's.   It may have served a purpose of the city, to wit, to change the position of its light.   The reasonable inference, if any was permissible from the testimony to identify' the man who made the connection, it seems to us was that the man was an employé of the city, and not of appellant.   If this is true, then there was an absence of any evi-

dence tending to show that appellant had failed to perform the duty it owed to appellee's son · to use ordinary care to so protect and maintain its wire as to prevent electricity from passing therefrom to the chain. The duty it violated, if any, was the duty it owed to use proper care after it knew, or should have known, that the connection had been made with its wire, to take such steps as were necessary to remove the danger thereby caused to persons who might get in contact with the chain. If liable at all, it was because it failed to perform this duty; and the trial court, on the evidence as it appears in the record, should not have authorized the jury to find against it unless they believed it had violated this duty. Burbaker v. Electric Light Co., 130 Mo. App. 439, 110 S. W. 12; Smith v. Electric Light Co., 198 Pa. 19, 47 Atl. 1123. Because the portion of the charge complained of authorized a finding against appellant without reference to whether it had violated said duty or not, the judgment, in so far as it is against appellant, will be reversed.

[2] The verdict of the jury was as follows: "We, the jury, find for the plaintiff Jim Case in the sum of twelve hundred dollars ($1,200) adjudged equally against the defendants, the Citizens' Railway & Light Company and the City of Ft. Worth. We also find for the father J. C. Case against both defendants in the sum of $38.20, to cover medical charges." On this verdict the court rendered a judgment against appellant and the city jointly for the sum of $1,200 in favor of Jim Case and for the sum of $38.20 in favor of his father. On motion of appellant this judgment afterwards was so reformed as to adjudge a recovery in favor of Jim Case against appellant of the sum of $600, and in his favor against the city of the sum of $600; and a recovery in favor of J. C. Case against appellant and the city jointly of the sum of $38.20. By a cross-assignment the Cases complain of the action of the court in sustaining appellant's motion, and in reforming the judgment as indicated. On the authority of Railway Co. v. Bowles, 88 Tex. 640, 32 S. W. 880, and Light & Power Co. v. Compton, 48 Tex. Civ. App. 586, 107 S. W. 1153, which seem to be conclusive of the question made, the assignment is sustained. And see Ry. Co. v. Bowles, 30 S. W. 89; City of Ft. Worth v. Williams, 119 S. W. 142; Light & Power Co. v. Moore, 118 S. W. 837. The judgment therefore in so far as it is against the city of Ft. Worth will be so reformed as to adjudge a recovery against it in favor of Jim Case of the sum of $1,200, instead of $600, and costs, and a recovery against it in favor of J. C. Case of the sum of $38.20 and costs; and, as so reformed, that part of the judgment will be affirmed.