(June 25, 1918.)

W. R. HYATT, as Insurance Commissioner of the State of
Idaho, Appellant, v. HUMBIRD LUMBER COMPANY,
a Corporation, Respondent.

[173 Pac. 1085.]

CONSTITUTIONAL LAW—PLEADING AND PRACTICE.

    1.  It is incumbent upon the plaintiff to allege in his complaint all
the ultimate facts essential to entitle him to recover; otherwise the
complaint is demurrable.

APPEAL from the District Court of the Eighth Judicial
District, for Kootenai County.   Hon. R. N. Dunn, Judge.

Action to recover taxes and penalty.   Judgment for de-
fendant.   *Affirmed.*

T. A. Walters, Atty. General, J. P. Pope, A. C. Hindman
and J. Ward Arney, Assistants, and Black & Wernette, for
Appellant, rely on authorities cited in *Hyatt v. Blackwell
Lumber Co., ante,* p. 452.

E. W. Wheelan and James E. Babb, for Respondent.

The fact that the property covered by the insurance poli-
cies is located within the state of Idaho would not give the
state jurisdiction to enforce a tax or penalty against the in-
sured if the contract was entered into outside of the state of
Idaho, even though the property covered by the insurance
policy is located within the state of Idaho. (*Allgeyer v.
Louisiana,* 165 U. S. 578, 17 Sup. Ct. 427, 41 L. ed. 832;
*Nutting v. Massachusetts,* 183 U. S. 553, 22 Sup. Ct. 238, 46
L. ed. 324; *Delamater v. South Dakota,* 205 U. S. 93, 10 Ann.
Cas. 733, 27 Sup. Ct. 447, 51 L. ed. 724; *New York Life Ins.
Co. v. Head,* 234 U. S. 149, 34 Sup. Ct. 879, 58 L. ed. 1259;
*Bartlett v. Rothschild,* 214 Pa. St. 421, 63 Atl. 1030; *Swing
v. Brister,* 87 Miss. 516, 6 Ann. Cas. 740, 40 So. 146; *Western
Massachusetts Mut. Fire Ins. Co. v. Hilton,* 42 App. Div. 52,

58 N. Y. Supp. 996; *Atlas Mutual Ins. Co. v. Fisheries Co.,* 6 Penne. (Del.) 256, 68 Atl. 4.)

There is no allegation in the complaint that any of the contracts of insurance referred to in plaintiff's complaint were entered into in the state of Idaho, and no allegation that any act leading to the entering into of said insurance contract was performed within the state of Idaho, so that the demurrer was properly sustained. A complaint is to be construed against the pleader, even in code states. (*Witham v. Blood,* 124 Iowa, 695, 100 N. W. 558; *Beach v. Bay State S. S. Co.,* 30 Barb. (N. Y.) 433, 10 Abb. Pr. 71, 18 How. Pr. 335.)

RICE, J.—This case in principle is identical with the case of *Hyatt v. Blackwell Lumber Co., ante,* p. 452 173 Pac. 1083, the only essential difference being that the case was disposed of on demurrer to the complaint, the demurrer having been sustained and a judgment thereupon entered dismissing the action.

The contention was that the complaint failed to state a cause of action and that it was uncertain, in that it did not allege that the contracts of insurance complained of were entered into and were to be performed within the state. The demurrer was properly sustained.

In view of the holding in the case of *Hyatt v. Blackwell Lumber Co., supra,* the plaintiff could not recover in case the contracts of insurance were made and were to be performed outside of the state. So far as we are aware there is no presumption as to the place where a contract of insurance is made or to be performed. It is incumbent upon the plaintiff to allege all the ultimate facts necessary to entitle him to recover under a valid law.

For the reason suggested in the former case, W. R. Hyatt is also substituted as appellant in this case.

The judgment is affirmed. No costs awarded.

Budge, C. J., and Morgan, J., concur.