GEORGE MANN, Respondent, v. STEWART SAND COMPANY, Appellant.

In the Kansas City Court of Appeals, June 12, 1922.

1. **APPEAL AND ERROR: Evidence: Statement, "I Object to That,"** Made When Certain Testimony was Given Held to be no Objection and Insufficient to Preserve for Review the Propriety of the Evidence to Which Objection was Attempted to be Made. Where defendant attempting to object to certain evidence made the statement at the time testimony was given, "I object to that," *held*, to be no objection whatever and insufficient to preserve the matter for review.

2. **EVIDENCE: Ownership: Where Only Evidence of Ownership of Motor Truck was That Owner's Name Appeared Upon Sides Thereof, Held Sufficient to Show That Truck Belonged to Defendant.** In an action for damages to an automobile struck by a truck where the only evidence of ownership was testimony, given without objection, that the name of defendant was on the sides of truck and the driver of the truck said it belonged to the defendant, *held* sufficient to show that the truck belonged to the defendant.

3. **MASTER AND SERVANT: Agency: Authority: Evidence Held Sufficient to Submit to Jury Question of Agency of Driver of Truck.** In an action for damages caused by collision between automobile and truck where it was contended that proof of ownership was not sufficient to show that driver was servant of defendant and acting within the scope of employment, and evidence showed at time of collision that the truck was a large one filled with sand and the name of defendant was on the sides of the truck and indicated defendant was in the sand business, *held*, sufficient to submit to jury the question whether driver of truck was servant of defendant acting within the scope of his employment.

4. **EVIDENCE: Repair Bills Showing Extent of Damage to Automobile and Value of Repairs, Held, Improperly Admitted.** Where only evidence showing that repair bills were proper charges was the testimony of manager, of service department of motor company making repairs, that the repairs were not made under his supervision and the only knowledge which he had concerning the repairs or the value thereof was shown on repair bills, the court erred in permitting the introduction of the repair bills in evidence.

Appeal from the Circuit Court of Jackson County.—*Hon. Samuel A. Dew,* Judge.

REVERSED AND REMANDED.

*Rogers & Yates* for respondent.

*Wilkinson, Wilkinson & Dabbs,* and *Homer A. Cope* for appellant.

BLAND, J.—This is an action to recover damages to plaintiff's automobile alleged to have been negligently run into in Kansas City, Missouri, by a truck belonging to the defendant. There was a verdict and judgment in favor of plaintiff in the sum of $250 and defendant has appealed.

Defendant offered no evidence, standing upon its demurrer to the evidence and now insists that there is no evidence that the person who was operating the truck was an agent or servant of the defendant and acting within the scope of his employment at the time of the collision. Plaintiff on direct examination testified that his car was run into by "a Stewart Sand truck;" upon cross examination he was asked "Did the truck have the words Stewart-Peck Sand Company on its side?" He then answered, "Stewart Sand Company so far as I can remember." Upon being further pressed he stated. "I think Stewart Sand Company was printed on the side. I don't know whether Peck's name was there on the side or not. I don't know." The truck had a Missouri license.

Plaintiff's witness, Maupin, without objection, testified that it was a Stewart Sand Company's truck. No attempt was made on cross examination to elicit how the witness knew that it was a truck of the defendant. Plaintiff's witness Carroll on direct examination testified that it was a Stewart Sand Company's truck. and on cross examination he stated that the driver of the truck said that it belonged to the Stewart Sand Company. After the witness answered the question, defendant's counsel asked him, "Q. It said that on the side? A. I asked him and he said that was—Q. (interrupting) I object to that—don't tell me what you found out by asking. What did you see on the side of the truck? A. I don't remember whether it had a sign on it or not." Defendant at no time moved to strike out the testimony of the witness Carroll that the driver had said the truck belonged to the Stewart Sand Company. . In fact defendant made no objection to the statement at the time it was being testified to. He said, "I object to that." This has been held to be no objection whatever. [Green v. Strother, 201 Mo. App. 418, 427, 428.] We think there is no question but that this evidence is sufficient to show that the truck belonged to the defendant. [Fleishman v. Ice & Fuel Co., 148 Mo. App. 117, 128.]

The witness Maupin stated definitely that the truck was that of the Stewart Sand Company. No effort was made on cross examination to show that the witness was giving his conclusion. [Brubaker v. Electric Light Co., 130 Mo. App. 439, 446.] It is true that in the Fleishman case there was some other slight testimony aside from the fact that the name of the defendant in that case was upon the wagon, but the court said, "While *perhaps proof of that fact* (the name of the wagon) *alone would carry to the jury the issue of defendant's liability,* yet other facts were in proof and relevant to the issue." (Italics ours.) And in that opinion numerous cases from other States are cited where the only evidence of ownership and agency was the owner's name found upon the vehicle. In that case the court quotes from Birnbaum v. Lord, 7 Misc. Rep. N. Y. 493, as follows:

" 'As to the proof of ownership of the wagon, the defendants' name was on the wagon and there was no pretense of evidence on the trial that it did not belong to them. No witness was called by them on that point, although the proof of the fact, if it existed, must be deemed to be in defendants' possession; all presumptions on that point were therefore against them. [Wennerstrom v. Kelly, 7 Misc. Rep. 173, 27 N. Y. Supp. 326.] The ownership of the wagon and the agency of the driver were, therefore, questions for the jury.' " [Fleishman v. Ice & Fuel Co., supra, l. c. 128.] As before stated, in the case at bar defendant did not put on any testimony whatever.

However, defendant contends that the mere proof of ownership was not sufficient to show that the driver was the servant of the defendant acting within the scope of his employment, and to presume from the proof of ownership that the driver was defendant's servant and then again infer that he was acting within the scope of his employment is building inference upon inference or presumption upon presumption, which is improper. We think there is no merit in this contention. In fact such a contention has been ruled adversely by the Supreme

Court.   [O'Malley v. Const.   Co., 255 Mo. 386, 391.]
In this case there is no inference based upon an inference
but both inferences are based upon the fact that the
truck was owned by the defendant and evidence that it
was at the time of the collision used in the business in
which defendant was engaged.   The evidence shows that
the truck was a large one and filled with sand.   The name
of the defendant would indicate that it was in the sand
business.

In support of its contention that liability cannot be
fixed upon the defendant by a mere showing of owner-
ship of the truck, defendant cites the cases of Hays v.
Hogan, 273 Mo. 1, and Guthrie v. Holmes, 272 Mo. 215.
In the first of these cases the court held that the fact of
ownership in the father of a pleasure automobile being
driven by his son at the time of the accident does not
give rise to the presumption that the son was the agent of
the father and acting within the scope of his employment.
It is a common thing for a pleasure vehicle to be used
not only by its owner but by members of his family and
sometimes even by friends, and the mere proof of its
ownership does not necessarily mean that the driver
thereof is the agent of the owner acting within the scope
of his employment.   While in case of the operation of a
street car or other commercial vehicle in its usual way,
it would not commonly be that the driver is employed
other than by the owner for the work that he is doing
at the time.   In the case of Guthrie v. Holmes, supra, l. c.
233, the fact was that the servant was not acting within
the scope of his employment at the time of the accident
out of which the suit grew, and the court, at page 233,
was discussing what was necessary to overcome the pre-
sumption that a chauffeur is acting within the scope of
his employment.   The court held that a showing of the
fact that the automobile was owned by the defendant
and that the chauffeur was in his general employ, all of
which was shown in that case, a prima-facie case was
made which might however be rebutted by defendant.   In

that case the vehicle was a pleasure automobile and the case did not involve a commercial one as in the case at bar.

We think, however, that the court erred in permitting the introduction of the repair bills in evidence. These bills were not properly proved. The only testimony tending to show that these bills were proper was that of the manager of the service department for Butler Motor Company that made the repairs upon plaintiff's car. He testified that the repairs were not made under his supervision but under that of the shop foreman; that he knew that the car was there for repairs and saw it before and after the work was done; that the duties of the witness were outside of the shop and he had nothing to do with the directing of the repairs or the directing of the men in making the repairs. He said that he had 150 cars there every day to look over and that he knew nothing about whether the repairs were done except that the car was there for repairs, or the reasonable value thereof, except what was shown by the job ticket. He testified from the job ticket and said that it showed what repairs were made and that the charge for the labor and material was reasonable. He did not see the parts put into the machine nor did he assist in putting them in and knew nothing about what parts were used; he did not see the car during the process of the repairing until the work was finished and did not know how the car was damaged or anything about what work was done except from the job ticket, which he had in his possession.

The only evidence as to what the job ticket was, was that it was "written up from a memorandum which was written up on the outside." That it was a "regular job ticket" and that four copies were made, the original going to the customer. It showed the nature of the work and what was to be done. As to who made the job ticket, whether by a person who did or who supervised the work, or whether such person knew anything about the work that was done or where it was made and on what his knowledge was based or that the job ticket was made

in the usual course of business, is not shown.  We think that the repair bill, which seems to be a copy of the job ticket, was improperly admitted in evidence.  [Schwall v. Higginsville Milling Co., 195 Mo. App. 89; Anchor Milling Co. v. Walsh, 108 Mo. 277.]  For this reason the judgment will be   reserved and the cause remanded and it is so ordered.  All concur.