(No. 5573. September 25, 1930.)

ORVILLE B. STANGER, Respondent, v. A. G. HUNTER and INTERNATIONAL HARVESTER COMPANY OF AMERICA, a Corporation, Appellants.

[291 Pac. 1060.]

H. W. Soule, for Appellants.

E. H. Hillman and C. L. Hillman, for Respondent.

McNAUGHTON, J.—This is an action to recover damages resulting from a rear-end collision wherein a Ford roadster collided with a truck upon a highway in this state. The action is in two counts; the first count claiming for damages to the Ford roadster being driven by plaintiff, and the second claiming personal injuries resulting to plaintiff from the impact.

The action is against two defendants: against the defendant Hunter on the ground that he wrongfully and negligently parked a truck upon the highway in the nighttime without warning lights; against the International Harvester Company as the owner of the truck so wrongfully and negligently parked by the defendant Hunter.

The jury found for plaintiff and against both defendants on both counts. It assessed $200 damages under the first count and $500 damages under the second count. Judgment was entered on the verdict. A motion for a new trial was denied and the case is here on appeal from the judgment by defendants.

There are nine assignments of error, but the briefs and arguments on them may be fully considered under three general headings: 1. The sufficiency of the complaint to sustain the judgment. 2. The sufficiency of the evidence to establish negligence on the part of the defendant Hunter.

3. The claim of contributory negligence on the part of plaintiff.

It is claimed by both appellants that the complaint wholly fails to state a cause of action in the first count. The International Harvester Company claims the complaint wholly fails to state a cause of action against it in the second count. General demurrers were interposed by defendants separately on these grounds and were overruled by the court. Also, the defendants in their first, second and third "requested instructions" requested the court to instruct the jury to return a verdict for defendants respectively on these grounds, which requested instructions were refused. These rulings of the court are challenged by the appellants under appropriate assignments of error.

In the first cause of action wherein the plaintiff seeks to recover for damage to the Ford car he was driving, there is no allegation that he was the owner of it or that he had any right or interest whatever in it. The complaint was amended by adding to the clause alleging the amount of damages the words: "To plaintiff's damage in said sum." At the trial, over defendants' objection, plaintiff was permitted to testify that by arrangement between himself and his employer, who was owner of the car, he was responsible for the damage and that the appraised value of the car of $200 came against him as expenses.

The pleading must not only state a complete cause of action against the defendant but it must also show a right of action in the plaintiff. (21 R. C. L., p. 482, sec. 46; *Wells v. Merrill,* 204 App. Div. 696, 198 N. Y. Supp. 496.

"If the complaint fails to state facts sufficient to constitute a cause of action . . . . , then it does not support the judgment and the judgment must be reversed." (C. S., sec. 6693; *Trueman v. Village of St. Maries,* 21 Ida. 632, 123 Pac. 508, citing with approval, *Crowley v. Croesus Gold Min. Co.,* 12 Ida. 530, 86 Pac. 536.).

It follows the judgment on the first count cannot be sustained.

A like objection is made against the judgment on the second count by and on behalf of the International Harvester Company. The complaint is short. Paragraph one alleges the corporate existence of the Harvester Company. Paragraph two is as follows:

"That at the times hereinafter mentioned the said International Harvester Company of America was the owner of a certain International Truck, more particularly described as an International one-half ton truck, motor number 124777, Idaho License for the year One Thousand nine hundred and twenty-eight, number T-8312."

Paragraph three is as follows:

"That on or about the third day of December, 1928, between the hours of seven and eight o'clock P. M. in the night-time of said day, at a point approximately three (3) miles southwest from St. Anthony, in the County of Fremont, Idaho, on the Yellowstone Highway, the Defendant, A. G. Hunter, did negligently, carelessly, recklessly, wantonly and in violation of the laws of the State of Idaho, park said vehicle without lighted front and rear lamps, in such a negligent and careless manner that said plaintiff, who was then and there operating and driving a model T., 1927 Ford roadster, in a southwesterly direction on said highway, collided with said International truck, thereby wrecking said Ford Roadster."

The absence of any charge of negligence against a defendant in a negligence action is conspicuous. It is not charged the company was negligent directly or jointly or through agent or in any manner at all. The complaint does not charge the defendants jointly with this negligence complained of. It charges only defendant Hunter with negligence.

It is earnestly contended by the respondent that the complaint sets forth facts which raise an inference and rebuttable presumption of negligence against the Harvester Com-

pany sufficient to make a *prima facie* case of negligence on the doctrine of *respondeat superior*. A great many cases have been cited by respondent, holding that where ownership of an automobile or other machine negligently handled is shown to be in a defendant a *prima facie* case showing liability under the doctrine of *respondeat superior* is made against that defendant. But in all of these cases the doctrine arises out of allegations in the complaint charging negligence against such defendant in the act or acts complained of. (See particularly, *Ferris v. Sterling,* 214 N. Y. 249, Ann. Cas. 1916D, 1161, 108 N. E. 406; *Mann v. Stewart Sand Co.,* 211 Mo. App. 256, 243 S. W. 406; *Baker v. Maseeh,* 20 Ariz. 201, 179 Pac. 53; *Knust v. Bullock,* 59 Wash. 141, 109 Pac. 329; *Potts v. Pardee,* 220 N. Y. 431, 8 A. L. R. 735, 116 N. E. 78; *McCann v. Davison,* 145 App. Div. 522, 130 N. Y. Supp. 472.) In the cases cited by respondent under this point the negligent act is charged against such defendant directly or indirectly so that upon general demurrer negligence would be admitted. Here respondent invokes the doctrine of *respondeat superior* without alleging or charging any negligence against such defendant. All of the cases relied upon by respondent go to sufficiency of proof, not to sufficiency of the complaint.

So far as we can find, no court has held that in the absence of an allegation or charge of negligence the doctrine can be upheld on the mere allegation of ownership. Ownership only gives rise to an inference that the relation of principal and agent or master and servant exists, not an inference of negligence, but if it were, the relation, not the inference, is the ultimate fact.

It is incumbent upon the plaintiff to allege in his complaint all the ultimate facts essential to entitle him to recover; otherwise the complaint is demurrable. (*Hyatt v. Humbird Lumber Co.,* 31 Ida. 457, 173 Pac. 1085.)

The demurrer should have been sustained. Upon appeal from a judgment entered upon overruling the demurrer such ruling and judgment would have been re-

versed. The defendants did not stand on their demurrer, but answered and went to trial. Under such circumstances great liberality will be indulged in favor of the complaint. The complaint will be upheld after verdict and judgment if a cause of action can be gleaned from the complaint however defectively it may be stated. (*Crowley v. Croesus Gold Min. Co., supra.*) But where, admitting conclusions and defective statements, the complaint still utterly fails to state a cause of action, we cannot hold such defect is waived. Want of jurisdiction and failure to state a cause of action are defects not waived by answer under our law. (C. S., sec. 6693.)

This court has held that failure to state a cause of action is not grounds for a new trial (*Walton v. Clark,* 40 Ida. 86, 231 Pac. 713), but upon appeal from the judgment under assignment of error to the overruling of a general demurrer, a judgment based on a complaint such as this, which wholly fails to state a cause of action against one of the defendants, cannot be sustained as to that defendant. (*Trueman v. Village of St. Maries, supra.*)

Appellants' main contention is that they were entitled to a directed verdict on the merits. They challenge the sufficiency of the evidence to show any negligence, and earnestly contend that the uncontradicted evidence shows contributory negligence on the part of the plaintiff.

The record discloses the collision occurred on the third day of December, 1928, between 7 and 8 o'clock in the night, when it was quite dark. Respondent claims appellant Hunter negligently stopped and parked the heavy truck he was driving well out in the highway without any lights about it or upon it. Appellants contradict this and contend that the front lights of the truck were giving trouble and appellant Hunter had stopped to adjust them; that his dome light was independent of the others and was lighted and was burning brightly until extinguished by the impact of respondent's car with the truck; and that this light was plainly visible from both front and rear. He tes-

tified that before stopping he approached as near the borrow-pit to the right of the road as was practicable to do. These issues of fact were for the jury and they found for respondent. It cannot be said that the acts relied upon by respondent, if established by the evidence, do not constitute negligence.

The undisputed evidence, however, shows there was ample room to pass to respondent's left of the truck; that the lights on respondent's car, in the absence of interference, were ample to clearly disclose any object in the road within a distance of 200 feet. It appears that just before the accident another car was approaching respondent from the south. Respondent claims this car approached at a high rate of speed; that its headlights were so bright that it was necessary for respondent to open the door of his car to the right in order for him to determine from the right edge of the road where he was with reference to the center of the highway. When this car passed, respondent was about fifty feet from the truck. He did not stop for this car to pass but claims he slowed down to a very moderate speed; that he had dimmed his lights; and that the instant the approaching car had passed: "I moved back into my position under the wheel, and turned on my bright lights, and there was this truck parked on the road to the extent that I could have passed him, if I had time to have acted, on either side." He testified he was eight or ten feet from the truck before he saw it. It was then too late.

Taking respondent's version of the circumstances and what he did just before the accident, and measuring his acts by the rule apparently announced in a number of cases cited by appellants, it would seem the courts in those jurisdictions hold this, as a matter of law, amounts to contributory negligence. (*Haines v. Carroll*, 126 Kan. 408, 267 Pac. 986; *Ebling v. Nielsen*, 109 Wash. 355, 186 Pac. 887; *Weston v. Southern Ry. Co.*, 194 N. C. 210, 139 S. E. 237; *Jones v. Sunshine Grocery*, (Tex. Civ. App.) 236 S. W. 614; *Lauson v. Town of Fond du Lac*, 141 Wis. 57, 135 Am.

St. 30, 123 N. W. 629, 25 L. R. A., N. S., 40; *Spencer v. Taylor,* 219 Mich. 110, 188 N. W. 461.)

The foregoing cases, as we understand them, hold rather arbitrarily to the doctrine that a driver is as a matter of law guilty of contributory negligence in not driving so that he can stop within the radius of his lights and in not, under all circumstances, seeing whatever his lights may disclose in time to stop.

Other courts do not approve that doctrine and hold that one driving in the night-time must proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights, and that he must see any object in his path which an ordinarily prudent driver under like circumstances would have seen. (*Murphy v. Hawthorne,* 117 Or. 319, 44 A. L. R. 1397, 244 Pac. 79; *Morehouse v. City of Everett,* 141 Wash. 399, 58 A. L. R. 1482, 252 Pac. 157; *Hallett v. Crowell,* 232 Mass. 344, 122 N. E. 264; *Roach v. Los Angeles & S. L. Ry. Co.,* (Utah) 280 Pac. 1053; *Coca-Cola Bottling Works v. Shipp,* (on rehearing); 174 Ark. 130, 297 S. W. 856; *Williams v. Fredrickson Motor Express Lines,* 198 N. C. 193, 151 S. E. 197.)

We think the greater number of courts adhere to the latter doctrine, which we think to be more in accord with the general principle announced by this court, that:

"Contributory negligence is generally a question of fact for the jury and only becomes one of law when the evidence is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under the circumstances." (*Smith v. Oregon Short Line R. R. Co.,* 32 Ida. 695, 187 Pac. 539.)

To the same effect, see *Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670; *Testro v. Oregon-Wash. R. R. & Nav. Co.,* 34 Ida. 765, 203 Pac. 1065; *Bressan v. Herrick,* 35 Ida. 217, 205 Pac. 555; *Williamson v. Neitzel,* 45 Ida. 39, 260 Pac. 689.

This same rule, as announced in *Zibbell v. Southern Pac. Co.*, 160 Cal. 237, 116 Pac. 513, has been repeatedly followed in California.

We think this record discloses circumstances raising a debatable question as to whether or not in view of them respondent was guilty of negligence in failing to see the truck before he came too close to stop; that is, in failing to see it more immediately after passing the car fifty feet from it, or in failing to stop to let the passing car get by.

We have examined the instructions complained of in appellants' brief and find no error when limited to the second cause of action against the defendant Hunter.

We think the cause must be remanded with instructions to dismiss the defendant International Harvester Company from the action, and reduce the judgment against the defendant Hunter in the sum of $200, and it is so ordered.

Costs to appellant.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.