IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1890.

ELECTRIC RAILWAY COMPANY *et al. v.* SHELTON.

*(Nashville.* December 6, 1890.)

NEGLIGENCE. *Concurrent of electric railway company and telephone company.*
*Joint liability.*

Both companies—the electric railway and the telephone company—are
liable for the value of a horse killed by coming in contact with a
broken wire of the telephone company—it appearing that the tele-
phone company had negligently permitted its broken wires to fall and
remain upon the trolley-wire of the electric railway company, and
that the latter company had failed to place guard-wires over its

trolley-wire as a protection against accidents, and to observe the condition of the broken telephone wires, although it was such as to arrest the attention of a prudent man engaged in the business of either company.

### FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. A. G. MERRITT, Sp. J.

Action for damages by C. F. Shelton against the United Electric Railway Company and the Cumberland Telephone and Telegraph Company. Judgment below for plaintiff. Appeal by defendants.

STEGER, WASHINGTON & JACKSON, for Railway Company.

VERTREES & VERTREES for Telephone Company.

J. L. NOLEN for Shelton.

TURNEY, Ch. J. Shelton's horse was killed by coming in contact with a wire of the telegraph and telephone company, which had fallen across the trolley-wire of the electric railway company. The wire of the telephone company had become much impaired. The falling of a wall of a burning building broke a pole of the telephone company, breaking the wires at several points. At the

point of the accident the telephone wires crossed the railway track above the trolley. A broken wire fell across the trolley-wire, and while resting on it the horse came in contact with it and was instantly killed. There was no guard-wire over the trolley-wire. The case was tried by the Circuit Judge without the intervention of a jury. The condition of the telephone wire was such as to arrest the attention of a prudent man engaged in the business of either company. The Circuit Judge found, under the facts, that both companies were guilty of negligence and responsible for the loss, and gave judgment accordingly. The judgment is correct. While it was the primary duty of the telephone company to see that its wires were in a reasonably safe and sound condition, and protected against the contingency of falling, it was also the duty of the electric company to see that its trolley-wire was in like manner protected from such contingency. While it was the duty of the one company not to use unsound and unprotected wires, it was equally the duty of the other not to operate its road under such defective machinery. It might as well insist that it was not responsible for damages resulting from the fall of a rock which it had constantly recognized as threatening to fall, or of a dead tree which it had frequently noticed with decayed and giving roots, and knew would fall in the first wind or rain. The obligation to see that its road was in good repair, and its machinery in safe operating order, is not con-

fined to the immediate and abstract presence of either, but extends to all surroundings that may depreciate the security of either. Both companies knew of the unprotected trolley-wire, and the consequences of a contact of the wires of the one with those of the other. Both knew of the unsoundness likely to produce a fall of the one upon those of the other. Both were bound to guard against such likelihood, and, having failed to do so, are liable.

Affirmed.