SARAH A. ROWE, ADMINISTRATRIX, v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY, AND THE HUDSON COUNTY ELECTRIC COMPANY.

Argued November 12, 13, 1900—Decided February 25, 1901.

1. One of the defendants maintained in a public street a line of wires carrying a harmless current of electricity, and the other defendant maintained in the street, below that line, a transverse line of wires carrying a dangerous current; there were no guards to prevent one of the upper wires, that fell, from coming in contact with the lower wires and thus conducting their dangerous current down to the surface of the street. *Held*, that the absence of such guards would sustain a finding that both defendants had neglected their duty to travelers on the highway.

2. Under the circumstances of this case, the question whether a boy, walking along the street, was guilty of negligence in failing to avoid an electric wire lying across his path, was for the jury.

3. Under the circumstances of this case, a verdict of $5,126 for the pecuniary loss resulting to his next of kin, from the death of a boy twelve years old, was excessive.

---

In tort. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justice DIXON.

For the plaintiff, *Van Buskirk & Parker.*

For the telephone company, *Henry S. White.*

For the electric company, *Charles W. Fuller.*

The opinion of the court was delivered by

DIXON, J.　Between seven and eight o'clock in the evening of August 5th, 1899, Clarence D. W. Rowe, a boy about twelve years old, while walking along the sidewalk of Thirty-fourth street, in Bayonne, struck his foot against a wire charged with electricity and was instantly killed.　This suit was brought by his administratrix to recover for the pecuniary loss resulting from his death to his mother, sister and two brothers.　The jury in the Hudson Circuit awarded the plaintiff $5,126, and the defendants now apply for a new trial.

The wire touched by the boy belonged to the New York and New Jersey Telephone Company, but the current of electricity that killed him came from the wires of the Hudson County Electric Company.　The evidence shows that a little while before the accident a squall had passed over the neighborhood, during which the telephone wire had been broken and had fallen upon the wires of the electric company beneath it, which were strung at right angles to the telephone wire, and thus it carried the current from them to the ground.

The first question for consideration is whether any circumstances were shown in which it was permissible for the jury to find that the defendant companies or either of them had been guilty of negligence in the premises.

We think the omission of the companies to construct guards between their lines at the place where they crossed, so that if an upper wire broke it would not come in contact with the heavily charged wires below, was a fact on which a finding of negligence in each can be supported.

In view of the dangerous nature of a wire charged with a strong current of electricity, it is entirely reasonable to hold that corporations, using the public highway for wires that may be so charged, should exercise a high degree of care to keep the wires where travelers will not be likely to come in contact with them.　*Anderson* v. *Jersey City Electric Light Co.,* 34 *Vroom* 387.　Where, as in the present case, a line of telephone wires carrying normally a harmless current, is crossed beneath by a line of wires carrying normally a deadly

current, a guard running parallel with the lower line and between it and the upper would certainly afford additional protection to travelers on the street below should a break happen in an upper wire. We perceive no reason for deciding that juries may not hold in proper cases that such a safeguard is due to the public.

But, assuming that such a guard may be required, we must consider whether the duty of providing it may be imposed on both companies.

The obligation of the electric company may readily be indicated. The telephone company's system was first erected, and was in operation when the electric company constructed its line. The latter company, therefore, took its privilege of using the street subject to the fact that the telephone wires were there crossing its route. In view of this fact, it placed its wires below and introduced the deadly current, thus making dangerous the wires of the telephone company which before had been harmless. Against the danger thus created by the electric company, its duty plainly required it to guard by all reasonable means.

The obligation of the telephone company is not so palpable, but still we think it may be deduced from settled principles.

Every person using the highways is bound to exercise reasonable care to protect others from harm through his user. In case the use is continuous, the degree of care required will not be governed by the condition of the highway at the time the use began, but will change as that condition changes, and must keep pace with the circumstances as they occur. A corporation authorized by law to occupy the public streets with appliances for its business, holds the privileges subject to such regulations as are reasonably necessary for the common use of the streets for all lawful purposes. *North Hudson County Railway Co.* v. *Hoboken, 12 Vroom* 71; *Trenton Horse Railroad Co.* v. *Trenton, 24 Id.* 132; *Traction Co.* v. *Elizabeth, 29 Id.* 619. When, therefore, the electric company under legislative sanction placed their structures in the street, a new state of things appeared, with reference to which the care demandable from the telephone company must be gauged.

It at once became the duty of that company to adopt reasonable measures to protect travelers from danger attending its own use of the street as occupied by the electric company's system. From this it follows that if a guard such as is above mentioned be a reasonable means of preventing danger likely to arise from the breaking of the company's wires, it was the duty of the company to provide the guard or see that it was provided, and a failure to do so was negligence.

We are therefore of opinion that the finding of the jury holding both defendants guilty of negligence may be supported.

But the defendants insist that contributory negligence on the part of the boy was conclusively shown.

At the time of the accident the boy was walking with a Mr. Moritz, who held an umbrella over them, as it was raining; the sidewalk was flagged in the center, but between the flagging and the curb was a space four to six feet wide covered with grass. The man and boy walked on the flagging, the former being nearest the curb. As they approached the place of the accident, Mr. Moritz saw a line of small electric lights about the size of a pea in the grass three or four inches from the curb. They extended ten or fifteen feet in length, but, as they were not near the flagging, and no hindrance was perceived across the path, the man and boy went on, and then both received a shock which knocked them down and killed the boy. Mr. Moritz swears that he could not see the wire, and we may assume that the boy did not, for in the rain the flagging and the wire lying upon it would scarcely differ in color, and the dusk of the evening would render discernment more improbable. These circumstances evidently presented questions as to the boy's negligence which fell within the province of the jury.

Lastly, the defendants object to the amount of damages. We are unable to see how, on any rational computation of probabilities, the pecuniary loss resulting from this boy's death can equal the present value of $5,000. For this reason, therefore, the verdict must be set aside unless the plaintiff will reduce the damages to two thousand dollars, in which event the rule for a new trial will be discharged.