PETER E. OLSON, APPELLANT, V. NEBRASKA TELEPHONE COMPANY ET AL., APPELLEES.

FILED NOVEMBER 9, 1909. No. 15,574.

1. **Master and Servant**: INJURY TO SERVANT: CITY ORDINANCES. An employee of a telephone company directed by his master to fasten a cable to an overhead messenger wire 30 feet above a pavement, unless warned to the contrary by his master or by obvious conditions, is justified in relying upon an ordinance of the city forbidding the maintenance of wires carrying an electric current for light or power purposes within five feet of telephone wires, and commanding that all such electric light wires be insulated and defects therein repaired at once.

2. ————: DUTY OF MASTER. Notice to an employee that a master does not and will not inspect poles, cross-arms, wires or implements used by a lineman, but that the duty to make such inspection is cast upon the servant, that he must satisfy himself of their safety before climbing upon or about poles or working with such wires, and that it is his duty to report any defect therein, does not relieve the master from the duty he owes said servant to exercise reasonable care to furnish him a reasonably safe place, independent of such poles, cross-arms and wires, to work in, the nature of the work to be performed being considered.

OPINION on motion for rehearing of case reported in 83 Neb. 735. *Former opinion modified and rehearing denied.*

ROOT, J.

This cause has been submitted upon briefs and oral arguments supporting and resisting defendants' application

for a rehearing. We are satisfied that a rehearing ought not to be granted, but our former opinion will be modified.

1. The statement of facts heretofore made is correct, but will be extended somewhat as we proceed with the case. Defendants except to the first paragraph of the syllabus and the discussion in regard thereto. They argue that the printed notice given by the telephone company to plaintiff at the time he entered its employ is not a contract exempting the employer from liability for its negligence, but a notice advising plaintiff of the risks he would likely encounter if he entered its employ, and that he must inspect for himself the conditions under which the work would be performed. The writing is as follows: "The Nebraska Telephone Company. To all linemen, trouble inspectors, and all other employees whose duties require them to work upon or about poles: The duties of a lineman are, among other things, to test and inspect poles; reset old poles; set new poles; rebuild old pole lines; build new pole lines; climb poles; paint poles; gain poles; cross-arm poles; take down old wires; string new wires; pull slack; knock out crosses; trim trees; straighten up cross-arms on poles that have been pulled out of shape; replace defective cross-arms with new ones; string and hang cables; put up guy wires; set and reset guy stubs; and in fact do everything necessary to keep pole lines, cross-arms, wires, exchange cables and subscribers' wires in perfectly safe condition and working order. All linemen and other employees of the company whose duties require them to work upon or about poles are especially charged with the duty of inspecting the implements with which they work, all poles, cross-arms, and wires, and must know that they are safe to work with, or upon, before climbing or going upon such poles and cross-arms. The company does not employ other persons to make such inspection, but relies upon its linemen and such other employees to make such inspection themselves at the time, and to know that the poles, cross-arms and wires are safe for them to work upon. They must be constantly on the

lookout for trouble, and at once, upon discovery, report to the manager or foreman (in writing) any trouble or defect on lines or poles that they cannot at once repair. As the occupation is a more or less hazardous one, those engaged in that line of work must at all times be on their guard and careful for their own safety as well as the safety of those engaged in working with them and of the general public."

We have again examined the document, and conclude that it is irrelevant and immaterial in the instant case. The first paragraph describes the duties of linemen. The second division informs plaintiff that all employees "whose duties require them to work upon or about poles" are charged with the duty of inspecting all implements with which they work, and all poles, cross-arms and wires, and must know that they are safe to work upon before going upon such poles and cross-arms; that the company does not employ other persons to inspect such implements, wires, poles and cross-arms, and that the employee must be on the lookout for defects on "lines or poles" and report the same. Plaintiff was not injured while working upon or about the poles or cross-arms; neither does he claim damages because of any defects in the telephone company's wires. So much of the statement as informs the employee that "the occupation is a more or less hazardous one" is indefinite, and cannot amount to a defense in this case. The evidence is undisputed that the saddle furnished plaintiff is the ordinary and usual implement provided for the work in which he was engaged at the time he was injured, and that it was not out of repair. If the telephone company is liable to plaintiff, it is because the master did not exercise ordinary and reasonable care in constructing and maintaining its cable and messenger wire within five feet of the live wires of the electric light company and in negligently directing plaintiff to work in that dangerous locality without using reasonable care to warn him of the situation. The danger was not an incident of the business in which plaintiff was engaged. He

would be justified in believing that his master would obey the ordinance, and that, if the telephone company strung its wires within a few inches of the wires of the electric light company, the last named conductors would be dead and not charged with an electric current; or that, if his master for any reason was constructing its cable and wire, in violation of the ordinance, in close proximity to the dangerous electric light wires, it would exercise reasonable care to warn him of the danger. *Barto v. Iowa Telephone Co.*, 126 Ia. 241. The notice does not refer to any such situation as the facts establish in the instant case, and should not have been received for any purpose. The vice of this error cannot be restricted to the defense of the telephone company, but infects the entire case and calls for a reversal of the judgment as to each defendant. The first paragraph of the syllabus and so much of the opinion as refers thereto are withdrawn.

2. The rule announced in the second paragraph of the syllabus is also assailed as a departure from the law announced in preceding decisions of this court. A reconsideration of the record convinces us that the evidence is not so conclusive upon the issue of defendants' negligence as to justify a peremptory instruction in plaintiff's favor. It is true that the evidence establishes that the wires of the light company crossed Twenty-fourth street diagonally about 14 inches beneath the cable of the telephone company, and that the insulation upon the electric light wires immediately below the cable was worn and displaced. It further appears that the light wires were not carried in a trough or box across the telephone wires. It cannot be reasonably inferred from the evidence that plaintiff was misled in calculation or judgment because the wires did not cross the street at right angles, nor that, if they had, the accident would not have occurred. The evidence does not show when the electric light wires were placed in position across Twenty-fourth street, nor when the telephone company strung the wires or cable attached to its cross-arms and poles. It is possible to infer from

the discolored condition of the light wires where insulation was lacking that they had been in position for some time; and, from the fact that the cable and messenger wire had evidently been constructed but a short time before the accident, that the electric light company was first in point of time in occupying Twenty-fourth street. It is highly improbable that the telephone company and light company combined to violate the ordinance, but it is probable that one of the defendants by prior permission of the municipal authorities and earlier construction secured a superior right to the zone of five feet on either side of its wires. *Nebraska Telephone Co. v. York Gas & Electric Light Co.*, 27 Neb. 284. It would not necessarily follow that the light company would be excused by proof that the telephone company was the junior occupant of Twenty-fourth street. The ordinance is mandatory that the light company cover all its wires designed for carrying light or power currents with "a substantial high grade insulation not easily worn by friction, and whenever the insulation becomes impaired it must be renewed at once." Although the senior occupant of the street, it may have known, or conditions may have been such that it ought to have known, that telephone wires had been strung above its light conductors at the point where plaintiff was injured. In such a case it ought to have known that failure to keep its wires properly insulated might result in an injury to an employee of the telephone company. *Heaven v. Pender*, 11 L. R., Q. B. Div. (Eng.) 503; *Mitchell v. Raleigh Electric Co.*, 129 N. Car. 166, 55 L. R. A. 398. The jury should be permitted to say under proper instructions whether plaintiff's injury was caused by the negligence of one defendant or the combined negligence of both; whether there was but one proximate cause, or several for which the defendants were separately responsible but all contributing to the accident, without which the injury would not have occurred. In the first case only the defendant responsible should be held, in the other event the jury might return a verdict against either

or both of the defendants, provided plaintiff was not guilty of contributory negligence. *Electric R. Co. v. Shelton*, 89 Tenn. 423, 14 S. W. 863; *McKay & Roche v. Southern Bell Telephone Co.*, 111 Ala. 337. The second paragraph of the syllabus in our former opinion and the argument upon that point are withdrawn.

We are of opinion that the reference in the fourth paragraph of the court's instructions to extraordinary and unusual conditions ought to be omitted. The evidence is undisputed that plaintiff was employing usual and ordinary methods for securing the cable of the telephone company, and, if the light company had created an unusual condition in constructing or maintaining live wires in violation of the city ordinance, it ought not to receive any special consideration because of such facts.

3. The evidence submitted at the trial of this case is unsatisfactory concerning many material facts; that is to say, the date that telephone lines were first constructed at the point where plaintiff was injured, the time when electric light wires were first strung across Twenty-fourth street at the intersection of Grant, and the facts concerning notice, actual or constructive, to the light company of the condition of its wires with reference to the wires of the telephone company at said point. We find little, if anything, in the record to prove whether plaintiff before he was injured knew of the presence of the electric light wires in question, or, if he had such knowledge, whether or not he believed, or had a right to believe, that the light wires were dead or alive. In short, the record almost justifies an affirmance because of the lack of evidence, notwithstanding the errors committed.

We have given mature consideration to this phase of the case, and conclude upon the entire record that the judgment of reversal should be adhered to, but our former opinion should be modified as herein indicated. It is so ordered, and the motion for a rehearing is

OVERRULED.