CAROL MILTON FREEMAN, by WALTER FREEMAN, his next friend, Respondent, v. THE MISSOURI & KANSAS TELEPHONE COMPANY AND THE CONSOLIDATED ELECTRIC LIGHT AND POWER COMPANY, Appellants.

Kansas City Court of Appeals, January 9, 1912.

1. NEGLIGENCE: Electricity: Personal Injuries. Plaintiff, a boy of fifteen years, sued for damages for injuries received by coming in contact with an uninsulated guy wire of the Telephone Company, charged with electricity from a service wire of the Light Company, which had sagged down, and the insulation worn off by the chafing of the two wires. The buzzing noise produced by the contact of the wires attracted the attention of plaintiff, and other boys, who were passing on a path in a public thoroughfare, and when plaintiff grasped

the guy wire, he was severely injured. The telephone wire was put up long before the light wire. *Held*, that the demurrers to the evidence were properly overruled.

2. ——: ——: **Ownership of Line.** Where a defendant suffers a cause to be tried on the assumption that he is the owner of the instrumentality from which the plaintiff received his injury, slight evidence of the fact of such ownership will suffice to support a verdict for plaintiff.

3. ——: ——: **Telephone.** Telephone companies using public streets for their lines are bound to know that other public service corporations were using the streets of a city for the transmission of deadly currents of electricity, and that their high power wires would cross the telephone lines at various places.

4. ——: ——: **Excessive Verdict.** The injuries received by plaintiff will not admit of a recovery of more than $6000, and the judgment must be reduced to that amount, notwithstanding the trial court had ordered a reduction from $15,000 to $7500.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

AFFIRMED (conditionally).

*C. C. Crow, Battle McCardle* and *Gleed, Hunt, Palmer & Gleed* for appellant, Mo. & Kan. Tel. Co.

(1) Defendant Telephone Company could not be held liable in the absence of proof of actual knowledge that the light wire had been erected; therefore the demurrers to the petition and to the evidence should have been sustained. The first instruction given at plaintiff's request was erroneous; and the 4th, 13th, 14th, and 20th instructions requested by defendant Telephone Company should have been given. The guy wire was not a service wire used in the transmission of messages, and therefore no defect in it would be shown by an interference with the service. Strack v. Tel. Co., 216 Mo. 601. The Telephone Company had no knowledge of the erection of the light wire. Until

the Telephone Company had such knowledge, it was under no duty with reference to the light wire—where there is no duty there can be no negligence. In the absence of actual knowledge the Telephone Company is not liable. Dow v. Tel. Co., 106 Pac. (Calif.) 587, McKay v. Tel. Co. 111 Ala. 337. See quotations from these cases, infra. (2) By the first instruction requested by plaintiff, the question of proximate cause was taken from the jury. Whether or not an act is the proximate cause of the injury complained of is a question for the jury. Clemens v. Railroad 53 Mo. 366; Payne v. Railroad 129 Mo. 405; Dunn v. Railroad 21 Mo. App. 188. (3) The damages are excessiive. Plaintiff lost his left small toe and the next toe. He is not lame, and was working at the time of the trial. The jury allowed him $15,000. This showed passion and prejudice. The court cut this $7,500, but this amount is grossly excessive. Brady v. Railway 206 Mo. 509. Stoltze v. Transit Co., 188 Mo. 581; Davidson v. Transit Co., 211 Mo. 320; Gibney v. Transit Co., 204 Mo. 704; Chitty v. Railway, 166 Mo. 435; Furnish v. Railway, 102 Mo. 438; Gurley v. Railway, 104 Mo. 211. (4) It was not shown that defendant Telephone Company owned the guy wire. The question of ownership was contested, and the burden was therefore upon plaintiff to show ownershiip by substantial evidence. Brubaker v. Light Co., 130 App. 439.

*Boyle & Howell* for appellant, Consolidated Electric Light & Power Co.

The defendant, Consolidated Electric Light and Power Company, is not liable to plaintiff under the evidence and its demurrer to the evidence should have been sustained. Hebert v. Light Co., 111 La. 522; Guinn v. Tel. & Tel. Co. (N. J.), 62 Atl. 412; Horning v. Tel. Co., 111 App. Div. 22, 97 N. Y. Supp. 625;

Rowe v. Tel. Co., 66 N. J. L. 19, 48 Atl. 523; Harrison v. Electric Light Co., 195 Mo. 606; Railroad Co. v. Conery, 61 Ark. 381. The defendant Missouri & Kansas Telephone Co. having its guy wire near a public thoroughfare, should have placed a guard between its guy wire and the electric light company's wires or have insulated its guy wire. It is immaterial even though the danger arose after the construction of the telephone line. The care of the company changed with changed circumstances. McKay v. Telephone Co., 111 Ala. 337; Jones v. Finch, 128 Ala. 217; Telephont Co. v. Ware, 115 Ky. 581, 74 S. W. 289.

*Brewster, Kelly, Brewster & Buchholz* for respondent.

Telephone Company liable if it had either actual or constructive notice. The Telephone Company was liable if it either had actual knowledge, or if, by the exercise of ordinary care on its part, it could have known of the construction of the electric light wire in time to have insulated it guy wire before the injury to the plaintiff. The evidence shows that it had actual knowledge of the construction of the electric light wire and this evidence is undisputed. The evidence also shows that by the exercise of ordinary care, it could have known of the construction of the electric light company's wire, for the reason that said wire had been erected for six months before the happening of the injuries to plaintiff, and the courts have universally held that such a lapse of time is constructive notice to the defendant of the conditions surrounding its line of wires. Goodwin v. Tel. Co., 138 S. W. Rep., 940; Guinn v. Tel. Co., 72 N. J. L. 276; Haynes v. Gas Light Co., 114 N. Car. 203; Railway Co. v. Shelton, 89 Tenn. 423; McKay & Roach v. Tel. Co., 111 Ala. 337; Kansas City v. File, 60 Kan. 157; Rowe v. Tel. Co., 66 N. J. Law 19.

JOHNSON, J.—This is an action for damages for personal injuries alleged to have been caused by negligence of the defendants. A trial in the circuit court resulted in a verdict for plaintiff and against both defendants in the sum of fifteen thousand dollars. On the hearing of the motions for a new trial and in arrest of judgment, separately filed by each defendant, the court ordered plaintiff to enter a remittitur of seven thousand five hundred dollars and all accrued interest as a condition upon which the motions would be overruled. Plaintiff complied with this order, the motions were overruled, judgment was rendered for plaintiff in the sum seven thousand five hundred dollars, and each defendant separately appealed.

The injury occurred in the morning of Sunday, April 19, 1908, near the intersection of Ash street and Barber avenue in Argentine, Kansas. Plaintiff was fifteen years old at the time and, in the company of a number of other children, was returning from Sunday School. They came from the north on Ash street which runs north and south and turned east at the intersection into a path in the sidewalk space along the north side of Barber avenue which runs east and west. There was a telephone pole owned by defendant at the northeast corner of the intersection and just north of the path. A guy wire ran from the top of this pole to a guy pole on the south side of Barber avenue. This guy wire was wrapped around the telephone pole near the top and then continued on down to the ground where it was attached to a "dead man" buried in the ground just north of the path and about fifteen feet east of the telephone pole. The guy wire was not a service wire and was not intended to carry any current of electricity or to come in contact with any service wires but its sole function was to hold the telephone pole in place. The defendant Telephone Company operated a telephone exchange and did not employ high power currents of electricity. It had built its lead to

which the telephone pole, guy wire and "dead man" belonged, some time before its co-defendant, a user of high power electric currents appeared on the scene. About six months before the injury the latter company built a line across the street intersection and placed a highly potential service wire across and ten or twelve inches above the telephone guy wire crossing Barber avenue. This wire was insulated; the guy wire was not. Gradually it sagged lower and lower until it came into contact with the guy wire. Either on account of the insulation being insufficient to prevent the escape of electricity to the guy wire, which, as we have shown, was grounded at the "dead man" or on account of the insulation becoming worn by the chafing of the two wires, the current did escape from the electric light wire to the guy wire and reach the earth at the "dead man."

A witness observed electric fire at the place of contract about twenty minutes before the injury but the evidence does not show how long before then the current had been deflected to the guy wire. The current produced a buzzing noise at the "dead man" and this noise attracted the attention of the passing children who thought it came from a swarm of bees. Some of the boys, among them plaintiff, paused to examine the place and while so engaged, plaintiff grasped the guy wire and received a severe shock which caused the injuries of which he complains. The place was in a sparsely settled neighborhood but the path was in a public thoroughfare and was used by a number of families living in the vicinity. The electric light wire carried a current of 2200 volts—more than enough to cause death—and the escape of the boy from death was due either to the failure of the full current to pass through his body, or to the fact that, owing to the declivity of the ground and his struggles, his contact with the wire was severed in time for his life to be spared.

The charge in the petition against the Electric Light Company is that it "negligently erected and maintained its said electric light wire in proximity to said guy wire after it knew, or by the exercise of ordinary care could have known, of said guy wire and its position, and that the same was not insulated, and negligently charged said wire with a heavy voltage of electricity, to wit, a voltage of sufficient force to cause instant death to anyone coming in contact with said wire," and that it knew "or by the exercise of ordinary care could have known, that said electric light wire had come in contact with said guy wire in time, by the exercise of ordinary care, to have repaired said wire in time to have averted the accident to plaintiff hereinafter complained of, but that said defendant negligently failed to repair said wire until after said accident to plaintiff."

As to the Telephone Company the petition alleges that it knew "or by the exercise of ordinary care could have known, that said electric light wire was heavily charged with electricity, and that there was danger of its coming in contact with and electrifying said guy wire, thus and thereby rendering said guy wire dangerous and unsafe to persons passing by the same," and that it "negligently maintained its said guy wire in the position heretofore described uninsulated, as aforesaid, after it knew, or by the exercise of ordinary care could have known, of the erection of said electric light wire, and that said light wire was heavily charged with electricity."

Each defendant filed a demurrer to the petition on the ground that it failed to state a cause of action and the Telephone Company also filed a motion to make the petition more definite and certain. The demurrers and motion were overruled and separate answers were filed. That of the Electric Light Company was a general denial and that of the Telephone Company, in

addition to a general denial, contained a plea of contributory negligence.

The sole contention of the Electric Light Company is that the court should have granted its request for a peremptory instruction. Two propositions are urged in support of this contention, viz.: *First,* that the Electric Light Company was guilty of no negligence towards plaintiff for the reason that its overhead wire was not within the reach of plaintiff and the current it carried could not have attacked plaintiff except through the medium of the negligence of its co-defendant and, *second,* that it was the duty of the Telephone Company towards pedestrians to insulate or guard its guy wire at the place were it was likely to come into contact with the electric light wire; that the negligent breach of that duty was the sole cause of the injury and the duty existed, notwithstanding the fact that the Telephone Company's line was built first. Counsel argue that "the care of the Telephone Company changed with changed circumstances" and in support of this proposition, cite the following authorities: McKay v. Bell Tel. Co., 111 Ala. 337, 19 So. Rep. 695; Jones v. Finch, 128 Ala. 217, 29 So. Rep. 182; Telephone Co. v. Ware, 115 Ky. 581, 74 S. W. Rep. 289; Light Co. v. Hiller, 203 Ill. 518, 68 N. E. Rep. 72; Electric Co. v. Shelton, 89 Tenn. 423, 14 So. Rep. 863; Telegraph Co. v. States, 82 Mo. 293.

Later we shall discuss the subject of the negligence of the Telephone Company and for the purpose of solving the questions raised by the Electric Light Company shall assume the Telephone Company was negligent in the manner argued in the briefs of the Electric Light Company, as well as in the briefs of counsel for plaintiff, and that such negligence was a proximate cause of the injury. But for reasons we shall disclose we do not find the negligence of the Telephone Company was the sole cause of the injury but that it and negligence of the Electric Light Com-

pany were confluent and after the union of their forces intermingled and co-operated to produce the injury. The rule in this state is that "a defendant may be liable even if the accident was not caused by his sole negligence. He is liable if his negligence concurred with that of another . . . and became a part of the direct and proximate cause, although not the sole cause." [Harrison v. Electric Light Co., 195° Mo. l. c. 623, and cases cited.]

It is proper here to refer to facts in evidence about which we have not spoken. The sagging of the electric light wire to a contact with the telephone wire was not caused by any unusual event or condition, but was due to natural and usual causes. When the Electric Light Company constructed its line it knew that in a comparatively short time the wire would sag down to the guy wire and that if it remained in contact with that wire the diversion of the current to the guy wire and thence to the "dead man" would be a natural and probable consequence of the contract of the two wires. It also knew, or should have known that the "dead man" was in the sidewalk space hard by a beaten path used by pedestrians and if it and the guy wire were charged with a death dealing current of electricity the lives and safety of pedestrians would be imminently endangered.

It was the duty of the Electric Light Company which it owed pedestrians using the path to exercise the highest degree of care to protect them against the attacks of electricity escaping from its high power wire and it had no right to put its wire in an unsafe place and there leave it trusting to the Telephone Company to discharge the duty the Electric Light Company itself owed to people rightfully using the street. It is true the current could not have reached plaintiff without the aid of the guy wire but it is also true it could not have escaped to the guy wire but for the negligence of the Electric Light Company. That negligence was

an active, present agency in the assault on plaintiff and, therefore, was a part of the proximate cause of the injury. We conclude that the court did not err in overruling the demurrer to the evidence filed by the Electric Light Company.

Passing to the question of the liability of the Telephone Company, we shall first dispose of the contention that the evidence fails to show that the present defendant was the owner of the telephone pole, guy wire and "dead man" in controversy. Defendant was sued as the "Missouri & Kansas Telephone Company" and the petition alleges that it was a corporation organized under the laws of Missouri. The incorporation not being denied under oath stands admitted but the admission does not include the ownership of the instruments by which the injury was inflicted and the fact of ownership was an issue raised by the general denial. [Brubaker v. Electric Light Co., 130 Mo. App. 439.] A number of witnesses introduced by plaintiff testified that the pole and guy wire belonged to the Missouri & Kansas Telephone Company, but were not asked to state either on direct or cross examination whether or not there were two companies of that name, one incorporated in Missouri, the other in Kansas. Defendant introduced in evidence a charter of incorporation granted by the state of Kansas to the Missouri & Kansas Telephone Company but offered no evidence to show that there were two corporations of that name. In the examination of witnesses, as well as in instructions asked by defendant, the fact of ownership, while not specifically admitted, was not contested and, indeed, practically was conceded. The rule is that where a defendant suffers a cause to be tried on the assumption that he is the owner of the instrumentality from which the plaintiff received his injury, slight evidence of the fact of such ownership will suffice to support a verdict in favor of plaintiff. [Brubaker v.

Light Co., supra; Oyler v. Railway, 113 Mo. App. 375.]

We cannnot look on the introduction in evidence of the Kansas charter in any other light than as an ambuscade cleverly laid for the court and plaintiff and we hold there is enough evidence in the record on which to base the finding of the jury that the pole and wire were the property of defendant.

What we shall say in disposing of the questions argued in support of the demurrer to the evidence offered by the Telephone Company will sufficiently answer the objections urged against the rulings of the court on the instructions. The principal point made by the defendant is that it owed no duty to plaintiff since it did not have actual knowledge of the contact and was under no duty to inspect its line to discover such short circuits. Counsel say that having properly constructed the line, the Telephone Company was not bound to anticipate that another company would place a high power wire in such close and dangerous proximity to its guy wire.

Negligence is a breach of duty and unless we find that the circumstances of the situation imposed some duty on the part of the Telephone Company towards pedestrians using the path there could be no liability of that company on account of the injury. "Liability for negligence is measured by the consequences that could reasonably be anticipated to follow from the negligent act." [Strack v. Telephone Co., 216 Mo. 601.] It must be borne in mind that the Telephone Company was using a public street for its telephone line and it was bound to know that other public service corporations were using the streets of the city for the transmission of deadly currents of electricity and that their high power wires would cross the telephone lines at various and numerous places. It was as much the duty of the Telephone Company to protect its wires from the invasion of foreign currents as it was

the duty of the Electric Light Company to confine such currents sent forth by it to their proper channel. Each company owed an active, continuing duty towards the public and neither will be heard to say that the negligence of the other occupied the entire field of culpability. The guy wire was stretched across a public street at a height that relatively would bring it close to crossing wires and the Telephone Company could not discharge its duty to the public by assuming that no such crossing wires would be constructed or if they were, would be maintained by their owner in a position of safety. In the proper exercise of the care it owed the public it was the duty of the Telephone Company to inspect its lines at reasonable intervals to see that they were not in danger of foreign invasion. This duty, as we have said, was continuing, and we hold as a matter of law that for the Telephone Company to fail, for six months, to discover the danger which was obvious, and take proper steps to obviate it, was negligence. [Goodwin v. Telephone Co., 157 Mo. App. 596, 138 S. W. 940; Quinn v. Tel. Co., 72 N. J. Law 276, 62 Atl. 412; Haynes v. Gas Light Co., 114 N. C. 203, 19 So. 244; Electric Co. v. Shelton, 89 Tenn. 423, 14 S. W. 863; McKay v. Tel. Co., 111 Ala. 337, 19 So. 695; Rowe v. Tel. Co., 66 N. J. L. 19, 48 Atl. 523.] This negligence was a part of the proximate cause of the injury as it actually co-operated with the negligence of the Electric Light Company in the production of the injury. The demurrer to the evidence offered by the Telephone Company was properly overruled.

We do not think the instructions given at the request of plaintiff should be condemned for not specifically requiring the jury to find the negligence of the Telephone Company was a proximate cause. The facts the jury were required to find in order to return a verdict for plaintiff if existent, would compel the conclusion in every reasonable mind that the Telephone Company was guilty of negligence that co-oper-

ated in the production of the injury. "Whether an act of negligence was the proximate cause of an alleged damage is an issue of fact if contrary opinions may arise from the evidence; if not, it is a court matter." [Lawrence v. Ice Co., 121 Mo. App. l. c. 325.]

Finally it is urged that notwithstanding the remittitur filed by plaintiff the judgment still is excessive. As soon as plaintiff touched the wire he was rendered unconscious. The contract lasted four or five seconds. During the struggles of plaintiff his cheek touched the wire and he received a burn which has left a permanent scar. He was also burned in the palm of one hand and a scar remains from that burn. He was unconacious twenty-eight hours. Both feet were severely injured. On the left foot the little toe was burned off; so was the next toe and the end of the third toe was destroyed. On the right foot the ends of the toes were burned, resulting in a partial but permanent impairment of the use of that foot. Plaintiff can walk and is at work, but he walks with a limp and never will have the full use of his feet. He states, "if I do any work or walk any distance, my feet swell up and I have to take my shoes off to rest my feet; if there is any bump or anything in the sidewalk and my feet come in contact with it, it hurts my toes." Of course plaintiff's nervous system was severely shocked but while it is possible that his nerves may be impaired in the future in consequence of the injury, there is no present indication that his nervous system received any permanent injury.

The verdict for $15,000 was entirely too large but we do not agree with defendants that it bespeaks passion or prejudice on the part of the jury. [Cook v. Globe Democrat Co., 227 Mo. 471.] As we view the case the remittitur ordered by the court did not purge the verdict of all of its excessiveness and at $7500, it is still too large. Though plaintiff must have suffered great pain and was permanently injured we

think the standard usually applied by the Supreme Court and Courts of Appeals in personal injury cases will not admit a greater recovery than $6000, and as a condition to the affirmance of the judgment we shall require plaintiff to enter a further remittitur of $1500, within ten days from the date of this opinion. On the filing of such remittitur the judgment will be affirmed. without cost to plaintiff; otherwise it will be reversed and the cause remanded. It is so ordered. All concur.