(June 25, 1918.)

W. R. HYATT, as Insurance Commissioner of the State of Idaho, Appellant, v. BLACKWELL LUMBER COM- PANY, a Corporation, Respondent.

[173 Pac. 1083.]

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—INSURANCE.

1. Sess. Laws 1913, chap. 185, sec. 15, p. 600, when applied to contracts of insurance made and to be performed outside of the state, covering property within the state, is unconstitutional as depriving persons of liberty without due process of law.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action to recover taxes and penalty. Judgment for defend- ant. *Affirmed.*

T. A. Walters, Atty. Genl., A. C. Hindman, J. Ward Arney and J. P. Pope, Assistants, and Black & Wernette, for Ap- pellant.

The state has a right to impose penalties upon its citizens who seek to transact business with unauthorized companies. (*Hooper v. California,* 155 U. S. 648, 15 Sup. Ct. 207, 39 L. ed. 297; *Allgeyer v. Louisiana,* 165 U. S. 578, 17 Sup. Ct. 427, 41 L. ed. 832; Cooley's Briefs on Insurance, 602.)

The right of a state to make it an offense for a citizen of the state to insure his property in a foreign insurance com- pany which has not complied with the state laws has been recognized in a number of cases. (*Commonwealth v. Biddle,* 139 Pa. St. 605, 21 Atl. 134, 11 L. R. A. 561; *Rose v. Kim- berly & Clark Co.,* 89 Wis. 545, 46 Am. St. 855, 62 N. W. 526, 27 L. R. A. 556.)

Courts have refused to enforce, on the grounds of public policy, insurance contracts entered into with unlicensed com- panies. (*Buell v. Breeze Mill & Grain Co.,* 65 Ill. App. 271; *Swing v. Thomas,* 120 Ill. App. 235; *Seamans v. Temple*

*Company,* 105 Mich. 400, 55 Am. St. 457, 63 N. W. 408, 28 L. R. A. 430; *Seamans v. Christian Bros. Mill Co.,* 66 Minn. 205, 68 N. W. 1065; *Commonwealth Mut. Fire Ins. Co. v. Hayden,* 60 Neb. 636, 83 Am. St. 545, 83 N. W. 922.)

A contract insuring property within the state necessarily involves the doing of business in the state, and hence is subject to its laws.   (*Stanhilber v. Mutual Mill Ins. Co.,* 76 Wis. 285, 45 N. W. 221.)

John P. Gray and W. F. McNaughton, for Respondent.

If sec. 15 of chap. 185, Laws of 1913, is to be given extra-territorial effect so as to extend beyond the limits of the state of Idaho and penalize citizens of Idaho in their contract relations with insurance companies in other jurisdictions, it is in conflict with the provision of the federal constitution guaranteeing freedom of contract.  (*Allgeyer v. Louisiana,* 165 U. S. 578, 17 Sup. Ct. 427, 41 L. ed. 832; *Nutting v. Massachusetts,* 183 U. S. 553, 22 Sup. Ct. 238, 46 L. ed. 324; *Delawater v. South Dakota,* 205 U. S. 93, 10 Ann. Cas. 733, 27 Sup. Ct. 447, 51 L. ed. 724; *New York Life Ins. Co. v. Head,* 234 U. S. 149, 34 Sup. Ct. 879, 58 L. ed. 1259; *Provident Sav. Life Assur. Soc. v. Kentucky,* 239 U. S. 103, 36 Sup. Ct. 34, 60 L. ed. 167, L. R. A. 1916C, 572; *French v. People,* 6 Colo. App. 311, 40 Pac. 463; *Atlas Mut. Ins. Co. v. Fisheries Co.,* 6 Penne. (Del.) 256, 68 Atl. 4.)

RICE, J.—Sess. Laws 1913, chap. 185, sec. 15, p. 600, reads as follows: "All persons, firms, companies or corporations, obtaining fire insurance upon property situated in this state, in companies not authorized to transact business in this state, shall file with the insurance commissioner a statement or declaration under oath setting forth the name of the company and its location, the number of the policy, the amount of insurance, rate, premium and description of property insured in such unauthorized company, and shall be required to pay a tax thereon of ten per cent of the premiums paid on such policies to the said insurance commissioner; and shall

pay a further fee to the commissioner of one dollar on each
policy in such unauthorized company for making record of
said statement or declaration, which record shall be kept for
the information of the insurance department of this state.

"If any person, firm, company or corporation obtaining
fire insurance in such unauthorized company shall fail or
neglect for twenty days after taking such insurance to file
the report and to pay the taxes and fees herein provided to
be paid to the insurance commissioner, the insurance commis-
sioner is hereby authorized to begin suit against such person,
firm, company or corporation, in any court of competent
jurisdiction, in his name as insurance commissioner, for said
taxes and fees, and in addition thereto shall recover from such
person, firm, company or corporation in any such suit a pen-
alty equal to the amount of said taxes so unpaid, plus the sum
of one hundred dollars. The attorney general of the state
shall file and prosecute all such suits when requested so to do
by the insurance commissioner, and the moneys so recovered
shall be paid to the state treasurer as other fees received by
the insurance commissioner."

The respondent obtained insurance in such unauthorized
companies and paid to them $5,943.16 as premiums upon 110
insurance policies. A statement or declaration under oath
was filed with the insurance commissioner, setting forth the
names of the companies and their location, the number of
each policy, the amount of insurance, rate, premium and
description of the property insured, but respondent refused
to pay the ten per cent tax and one dollar per policy for
making record of such insurance. This action was instituted
to recover the tax and the one dollar recording fee for each
such policy, and in addition a penalty equal to the amount of
the taxes so unpaid and one hundred dollars provided for by
the statute, amounting in all to $1,508.64.

The court found that all the contracts of insurance referred
to in the complaint and involved in this case, were made and
were to be performed outside of the state of Idaho, and that
any losses covered by the same were payable outside of the
state; that the contracts were valid at the place where made

and where they were to be performed. The court further found that none of the companies had an agent within the state soliciting insurance, and did no act relating thereto within the state, and that none of the companies were engaged in doing business in the state at the time the insurance was procured or written.

Judgment was entered in favor of the defendants, from which this appeal is prosecuted.

It is urged that the law quoted above is repugnant to the fourteenth amendment of the federal constitution, in that it deprives persons of liberty and property without due process of law, and denies to persons within its jurisdiction the equal protection of the laws.

In considering the application of the federal constitution to this question we are concluded by the decisions of the federal supreme court. The case falls within the rule laid down in *Allgeyer v. Louisiana*, 165 U. S. 578, 17 Sup. Ct. 427, 41 L. ed. 832.) In that case it is said that the liberty mentioned in the fourteenth amendment means "not only the right of the citizen to be free from the mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation, and for that purpose to enter into all contracts which may be proper, necessary, and essential to his carrying out to a successful conclusion the purposes above mentioned." In the case of *New York Life Ins. Co. v. Dodge*, 246 U. S. 357, 38 Sup. Ct. 399, it is said: "In *Allgeyer. v. Louisiana* [*supra*], we held a Louisiana statute invalid which undertook to restrict the right of a citizen while within that state to place insurance upon property located there by contract made and to be performed beyond its borders. We said, 'The mere fact that a citizen may be within the limits of a particular state does not prevent his making a contract outside its limits while he himself remains within it,' and ruled that under the fourteenth amendment the right to contract out-

side for insurance on property within a state is one which cannot be taken away by state legislation. So to contract is a part of the liberty guaranteed to every citizen. The doctrine of this case has been often reaffirmed and must be accepted as established.''

As applied to such transactions as were had in this case the statute is unconstitutional. It is an abridgment upon the freedom to contract which the fourteenth amendment guarantees. If any such restriction should be upheld as an exercise of the taxing power of the state the burden may be increased until it becomes prohibitive. (*Allgeyer v. Louisiana, supra; Nutting v. Massachusetts,* 183 U. S. 553, 22 Sup. Ct. 238, 46 L. ed. 324; *Delamater v. South Dakota,* 205 U. S. 93, 10 Ann. Cas. 733, 27 Sup. Ct. 447, 51 L. ed. 724; *New York Life Ins. Co. v. Head,* 234 U. S. 149, 34 Sup. Ct. 879, 58 L. ed. 1259; *Provident Savings etc. Society v. Kentucky,* 239 U. S. 103, 36 Sup. Ct. 34, 60 L. ed. 167, L. R. A. 1916C, 572; *New York Life Ins. Co. v. Dodge, supra.* See, also, the case of *Hooper v. California,* 155 U. S. 648, 15 Sup. Ct. 207, 39 L. ed. 297.)

The action in the court below was instituted by George F. Steele, who at that time was insurance commissioner of the state. Since the trial of the case was had W. R. Hyatt has succeeded Steele in the office of insurance commissioner. An order will therefore be made substituting Hyatt as appellant in this court.

The judgment is affirmed. No costs awarded.

Budge, C. J., and Morgan, J., concur.