SAULT STE. MARIE HOSPITAL *v.* CHIPPEWA COUNTY TREASURER.

1. HOSPITALS—CONTAGIOUS OR INFECTIOUS DISEASES—APPROPRIATING PUBLIC MONEY—CONSTITUTIONAL LAW.

Under section 11, Art. 8, of the Constitution, the power granted to counties to appropriate money for the construction and maintenance or assistance of public and charitable hospitals, is limited to those institutions only where persons suffering from contagious or infectious diseases are treated.

2. SAME—STATUTES.

In so far as Act No. 139, Pub. Acts 1909 (3 Comp. Laws 1915, § 10854 *et seq.*), purports to authorize counties to make appropriations for hospitals generally, where contagious and infectious diseases are not treated, it is invalid.

3. SAME—WORDS AND PHRASES.

The words "public and charitable institutions" as used in said section of the Constitution, *held*, not intended to refer exclusively to those institutions owned wholly by the municipality.

4. SAME—MUNICIPAL CORPORATIONS.

> Section 11, Art. 8, of the Constitution, *held*, to be self-exe-
> cuting and sufficient to warrant an appropriation of money
> by a county to a hospital within its terms, even though
> Act No. 139, Pub. Acts 1909, fails because it is broader
> than the grant of power in said section.

5. SAME—MANDAMUS.

> Where it affirmatively appears from the record that plaintiff,
> a legally incorporated public charitable hospital, receives
> patients suffering from contagious diseases, and that the
> board of supervisors of Chippewa county adopted a reso-
> lution appropriating to it a certain sum of money which
> had been authorized by a vote of the people, mandamus
> will issue to compel the treasurer of said county to pay
> the same.

Certiorari to Chippewa; Barton (Joseph), J. Sub-
mitted January 13, 1920. (Calendar No. 28,784.) De-
cided April 10, 1920.

Mandamus by the Sault Ste. Marie Hospital to com-
pel Albert E. Sharpe, treasurer of Chippewa county,
to pay an appropriation voted by the board of super-
visors. From an order granting the writ, defendant
brings certiorari. Affirmed.

*Thomas J. Green,* for appellant.

*Sherman T. Handy,* for appellee.

BROOKE, J. The action is certiorari to review man-
damus. In the year 1903, the Sault Ste. Marie Hos-
pital was incorporated under the provisions of Act
No. 171 of the Public Acts of 1903 (2 Comp. Laws
1915, § 9054 *et seq.*). The purpose or purposes of
the institution are set out in the articles of the insti-
tution as follows:

"* * * To construct, maintain, and conduct a
public and charitable hospital in the city of Sault Ste.
Marie, Chippewa county, Michigan, for the treatment

of persons suffering from infectious or other diseases"; etc.

Hospital buildings were obtained and from that time to the present a public and charitable hospital has been conducted.

In the year 1917 the board of supervisors of Chippewa county caused to be submitted to the electors of that county a proposition which, if approved, would authorize the board of supervisors to appropriate a sum not to exceed $5,000 per annum for five years "for the purpose of assisting to construct a· public and charitable hospital to be erected and maintained within said county of Chippewa." A substantial majority of the electors of said county approved of said proposition and thereafter, and in the year 1917, a resolution was passed by said board authorizing and instructing the treasurer of the county to pay to the Sault Ste. Marie Hospital, upon proper warrant, the sum of $5,000.

The legality of the appropriation having been questioned, the treasurer refused to comply with the mandate of the board, whereupon application was made to the circuit court for the county of Chippewa for a writ of mandamus, requiring him to pay to the hospital the sum of $5,000 as directed in said resolution. After due consideration of the petition for mandamus, the answer thereto, and testimony taken in open court from which it appeared that the hospital received as patients persons suffering from contagious diseases as well as those suffering from other diseases, and that by an amendment to the by-laws the chairman of the board of supervisors of Chippewa county, four members of said board, the mayor of the city of Sault Ste. Marie, and two commissioners of said city were made ex-officio members of the hospital as well as members of the board of trustees or board of directors, the court concluded that the appropriation

was a legal one and directed the issuance of the writ of mandamus as prayed. Defendant now reviews such determination in this court.

The governing constitutional provision will be found in section 11, Art. 8, Constitution of 1909, which reads as follows:

"SEC. 11. Any county in this State, either separately or in conjunction with other counties, may appropriate money for the construction and maintenance or assistance of public and charitable hospitals, sanatoria or other institutions for the treatment of persons suffering from contagious or infectious diseases. Each county may also maintain an infirmary for the care and support of its indigent poor and unfortunate, and all county poor houses shall hereafter be designated and maintained as county infirmaries."

Following the adoption of that Constitution, the legislature passed an act (Act No. 139, Pub. Acts 1909, 3 Comp. Laws 1915, § 10854 et seq.), entitled:

"An act relative to the maintenance and construction of hospitals and sanatoria within the counties of this State and to provide a tax to raise moneys therefor."

The relative portion of the first section follows

"The several boards of county supervisors of this State may raise by a tax to be levied on the property of said county, subject to taxation for county purposes, a sum of money to be used for constructing or maintaining or assisting to construct or maintain any hospital or sanatorium within said county." * * *

There is no question that the power given to the supervisors by the act is plenary and a sufficient warrant for the action of the board of supervisors, provided the act itself is within the constitutional grant. This is denied by counsel for the defendant and it is asserted that the question here under consideration is decisively controlled by our decision in the case of *Detroit Museum of Art* v. *Engel,* 187 Mich. 432. We

there had under consideration the inhibition created by article 10, section 12, which provides:

"The credit of the State shall not be granted to, nor in aid of any person, association or corporation, public or private."

Also, that contained in article 8, section 25, which provides:

"No city or village shall have power  *  *  *  to loan its credit, nor to assess, levy or collect any tax or assessment for other than a public purpose."

In the case at bar, we have for construction a specific grant of authority instead of a general limitation upon the right of the State or its constituent municipalities to grant credit or levy assessments for other than a public purpose.

In the grant of power found in section 11 of article 8, it is apparent that the Constitutional Convention recognized the essential public and charitable character of hospitals and the necessity for their maintenance in order to preserve the social and economic life of the State. However, we think it is plain from the language of the constitutional provision itself, as well as from an examination of the debates of the Constitutional Convention (2 Proc. & Deb., Const. Conven:, page 883 *et seq.*), that the grant of power to make appropriations is limited to those institutions only where persons suffering from contagious or infectious diseases are treated. The act, therefore, must be held to be broader than the grant of power in the provision itself and invalid so far as it purports to authorize counties to make appropriations for hospitals generally where contagious and infectious diseases are not treated. We are of the opinion that the case of *Detroit Museum of Art* v. *Engel, supra,* is not controlling. The words "public and charitable institutions" were not intended to refer exclusively to

those institutions owned wholly by the municipality. Publicly owned institutions are not *aided* by the municipalities; they are *supported* by them.

Inasmuch as it affirmatively appears from the record that the Sault Ste. Marie Hospital receives patients suffering from contagious diseases, we are of the opinion that it comes within the purview of the constitutional provision in question and that that provision may fairly be said to be self-executing and to warrant the appropriation under consideration, even though the legislative enactment fails.

The grant of power is to the county. The county, through its board of supervisors, by adopting the resolution, and the people, in voting for the appropriation, have enacted the legislation necessary for the completion of the appropriation under the grant.

Upon review of the whole question, we are of the opinion that the conclusion of the learned trial judge should be affirmed and that the writ of mandamus should issue.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred with BROOKE, J.

BIRD, J. I concur with Mr. Justice BROOKE that a writ of mandamus should issue in this cause as prayed. I am in accord with him upon the proposition that the constitutional provision involved is self-executing. And I agree with him that the legislature exceeded its power in authorizing boards of supervisors to appropriate money to assist *any* hospital or sanitarium within the county. But I disagree with him in his conclusion that the entire act is void for that reason. The act is too broad because it authorizes boards of supervisors to extend aid to *any* hospital in the county instead of restricting it to hospitals which treat *contagious and infectious* diseases. If the act be restrict-

209—Mich.—44.

ed in this respect by construction to conform to the authority granted by the Constitution then the rest of the act can stand and be enforced. It is not uncommon for courts to eliminate unconstitutional features of an act, if what remains is a workable and enforceable law. It is said in 6 Ruling Case Law, pp. 121, 128, that:

. "It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part, and that if the invalid part is severable from the rest the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected.

"*Exclusion of Cases Beyond Legislative Jurisdiction.* —Another class of cases in which a statute may be in part valid and in part invalid consists of laws enacted by a legislature in broad, general terms, covering not only persons and property as to which the legislature clearly has the right to make regulations, but apparently applying also to individuals and property protected from such legislation. A law may be unconstitutional, and void, in relation to particular cases, and yet valid to all intents and purposes in its application to other cases which differ from the former in material characteristics. In other words, when a statute has been passed by the legislature, some part of which is not within the competency of the legislative power, or is repugnant to some provision of the Constitution, such part may be adjudged void and of no avail, while all other parts of the act not obnoxious to the same objection may be upheld as valid and have the force of law. The courts in some instances by a restrictive construction have limited the effect of a statute to cases clearly within the field of legislative control. For example, a State tax law, general in its terms, and on its face applying alike to all taxpayers, may be restricted by the court so as to exempt from its operation stockholders in national banks. Such a statute would not for that reason be declared void as a whole, but should be given effect in reference to all persons embraced within the

general language employed, with the exception of those outside the proper field of such legislation."

Mr. Justice COOLEY, in discussing this question, in *Attorney General* v. *Common Council of Detroit*, 29 Mich. 108, said:

"It is a familiar principle that a law is not to be held void because it attempts too much. A board is not an illegal board because with many admissible powers an attempt has been made to confer upon it some that are inadmissible. The lawful powers in such a case may be exercised, and the unlawful may be contested whenever an attempt is made to put them in force."

For a further illustration of this principle see *Robison* v. *Miner*, 68 Mich. 549.

It has been held by the Colorado court that a statute void in part does not render inoperative the valid portion, when enacted in pursuance of a self-executing constitutional provision. *Frost* v. *Pfeiffer*, 26 Colo. 338 (58 Pac. 147).

In considering whether the act should be restricted by construction there is no room for the argument that had the act been so restricted it would not have been passed by the legislature, because the legislature went as far as the Constitution permitted, and farther, in passing the act, and because the excess legislation was of the same kind and character as that within its authority. In other words, it is fair to assume that if the legislature was willing to give more aid than was permissible, it would be willing to give what it had the authority to give.

Notwithstanding the constitutional provision is self-executing, the legislature very wisely supplemented it with legislation which safeguards, in some measure, the interest of the county which contributes to the support of a hospital. This is quite essential where public funds are contributed to aid private corpora-

tions. By restricting the scope of the act, as indicated, these beneficial features can be preserved, and the safeguards which the act now · affords, the public interest will doubtless be increased by .future legislatures as experience shows the necessity therefor.

I think the suggested restriction should be read into the act. When this is done the constitutional objection will disappear.