**Ex parte MARTIN.**

**No. 16876.**

Court of Criminal Appeals of Texas.

Oct. 3, 1934.

McBroom & Clayton and Theodore Joseph, all of El Paso, for appellant.

Sylvan Lang and Walter Groce, both of San Antonio, amici curiæ, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

From an order made in a habeas corpus proceeding remanding appellant to the custody of the sheriff of El Paso county, by whom he was held for an alleged violation of the terms of the law found in chapter 114, Acts First Called Session, 43d Legislature (Vernon's Ann. P. C. art. 827d), appellant brings this appeal. He attacks said act because (a) it attempts by legislative enactment to make common carriers of private car owners; (b) it attempts to deprive citizens of their property without due process of law; (c) it attempts to subject a purely private occupation to regulations applicable only to those of a public character; (d) it forbids and attempts to prohibit an occupation, innocent in itself, which works no harm to the public or any member thereof; (e) the prescriptions of the act are indefinite, vague, ambiguous, and cannot be understood; (f) as to the particular transaction involved, an application of the terms of said act would be in violation of the commerce clause of the Federal Constitution (art. 1, § 8, cl. 3).

Section 1 of the act (Vernon's Ann. P. C. art. 827d, § 1) in question forbids any person to engage in the business of a travel bureau unless the person in charge of the motor vehicle to be used in the contemplated trip shall have first obtained a chauffeur's license as required by the laws of Texas, and unless said vehicle be equipped with license plates, and unless the owner of the vehicle has complied with all the laws of Texas in connection with the transportation of passengers on the public roads of this state.

Section 2 thereof (Vernon's Ann. P. C. art. 827d, § 2) provides that the act shall not apply to the owner, etc., of any vehicle not engaged in the business of transporting persons for hire over the public roads. Section 3 thereof (Vernon's Ann. P. C. art. 827d, § 3) makes it the duty of any person, before contracting with the owner, etc., of a motor vehicle for a share-expense trip in such car, to first make an examination of the public records of the state of Texas to ascertain whether such owner has properly complied with the laws of Texas as to chauffeur's license and regulating the operation of motor vehicles for hire. Section 4 (Vernon's Ann. P. C. art. 827d, § 4) contains the penalty clause.

The facts were heard in the trial court and appear without controversy. Appellant conducted a travel bureau; had an office; kept there a register in which he registered persons desirous of making share-expense trips to points in and out of Texas; also of persons owning or operating cars who expected to make trips in said cars to named places, and wished contact with persons wanting to go to or through such places, who would be willing to share the expenses of such trip. Fees were collected by appellant when such parties, upon being brought together through him, came to terms as to such trips; otherwise appellant got nothing. He had nothing to do with the contracts or the terms thereof entered into between the share-expense trippers. He neither owned nor operated the cars to be used; nor made representations or gave guaranties concerning same. His services were complete when he brought the parties together. In the particular transaction involved, Evans registered with appellant as desirous of going to Phœnix, Ariz.; on the same day Brown, a private citizen living in Iowa, and not engaged in transporting passengers for hire over the highways, registered with appellant as going in his car to California. Appellant brought the two men together, and they made their own arrangements as to their expenses, and paid appellant $1 for his services in bringing them together.

 Without undertaking to go into a full analysis of each proposition separately, and considering the various contentions in inverse order, it seems well settled that statutes may be unconstitutional in their operation as to some persons and states of fact, when not so as to others. Thurman v. Ry. Co., 254 Mass. 569, 151 N. E. 63, 46 A. L. R. 563; Macmillan Co. v. Clarke, 184 Cal. 491, 194 P. 1030, 17 A. L. R. 288; Sault Ste. Marie Hospital v. Chippewa County Treasurer, 209 Mich. 684, 177

N. W. 297; Scown v. Czarnecki, 264 Ill. 305, 106 N. E. 276, L. R. A. 1915B, 247, Ann. Cas. 1915A, 772; Singer Sewing Mach. Co. v. Brickell, 233 U. S. 304, 34 S. Ct. 493, 58 L. Ed. 974. It appears to us plain that, as to the fact case involved here, attempted application of the statute mentioned would be in violation of both our state and Federal Constitutions. Brown, a citizen of Iowa, could owe no duty to take out a chauffeur's license in Texas based on the proposition that, as he was passing through the state, he shared the expenses of a trip with another person; nor could he be deemed a carrier of passengers for hire upon such facts. In this connection we again call attention to the fact that section 2 of the act involved specifically exempts owners or operators of a car not engaged in the business of transporting persons for hire over the public roads from liability under its terms.

 Considering the other questions raised generally, the Fourteenth Amendment to our Federal Constitution, which is section 19, art. 1, of our state Constitution, guarantees to every citizen freedom from the abridgment of his privileges and immunities as a citizen of this state and the United States, and forbids the taking of his property, etc., without due process of law. The liberty thus guaranteed means, among other things, the right to pursue any lawful business. Smith v. Texas, 233 U. S. 630, 34 S. Ct. 681, 58 L. Ed. 1129, L. R. A. 1915D, 677; Adams v. Tanner, 244 U. S. 590, 37 S. Ct. 662, 61 L. Ed. 1336, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; Hyatt v. Lumber Co., 31 Idaho, 452, 173 P. 1083, 1 A. L. R. 1663; State v. Armstead, 103 Miss. 790, 60 So. 778, Ann. Cas. 1915B, 495; Moyers v. City of Memphis, 135 Tenn. 263, 186 S. W. 105, Ann. Cas. 1918C, 854; Rawles v. Jenkins, 212 Ky. 287, 279 S. W. 350. The Legislature, under the pretended exercise of what may be deemed its police power, may not unreasonably interfere with or prevent the carrying on of a lawful and useful occupation or business, unless same either of itself or as a result of the manner of its carriage is injurious to persons or property, or to the public morals, safety, comfort, health, or convenience. Jay Burns Baking Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 68 L. Ed. 813, 32 A. L. R. 661; Frost v. City of Los Angeles, 181 Cal. 22, 183 P. 342, 6 A. L. R. 468; People v. City of Chicago, 261 Ill. 16, 103 N. E. 609, 49 L. R. A. (N. S.) 438, Ann. Cas. 1915A, 292.

 Without attempting a definition of police power, further than to quote from our

Supreme Court in Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 515, 19 A. L. R. 1387, wherein it is said: "The police power is a grant of authority from the people to their governmental agents for the protection of the health, the safety, the comfort and the welfare of the public," we observe that, as far as we can tell from the record before us, this appellant was engaged in the useful and lawful occupation of selling information to private citizens, the conduct of which business was neither in fact or threat an infringement or trespass upon the health, safety, comfort, or welfare of the public. He drove no cars on the public roads or bridges as a business. He made no contracts controlling the share-expense trips of his customers. He sold information by means of which the purchaser thereof was related to the seller only so far as pertained to the route expected to be taken by each or both. He gave no guaranty as to the good or bad character of the parties thus put in touch with each other, or as to the kind or quality of their vehicles.

We are further constrained to hold the provisions of said act unreasonable. Same forbids the sale of information by appellant, unless and until the operator of the car intended to be used on the share-expense trip shall have obtained a chauffeur's or driver's license "in accordance with existing laws of Texas." The only law possibly applicable, known to this court, is article 6687, Revised Civil Statutes, 1925, which requires one whose business is the operation of a car for hire to take out a license and, pay therefor, in token of which he receives a badge which he is required to wear when so engaged. It would not require reasoning to make plain the fact that the immediate effect of attempted application of this statute would be to put appellant out of business, for the parties to whom he sold the information were not hired drivers of public cars engaged in the business of transporting passengers for hire, but were and are private persons, driving their own cars, or other private cars, as far as this record shows, on their own private business, who for company's sake or economy's sake wished to form contacts with other persons by means of which the expenses ordinarily incident to a motor car trip might be shared between them, a proposition with which appellant has no other connection save merely to bring the parties together. The fair effect of the requirements of this statute would unquestionably end the business of appellant, and this is regarded by us as unreasonable. Steele, Hopkins & Meredith Co. v. Miller, 92 Ohio St. 115, 110 N. E. 648, L. R. A. 1916C,

1023, Ann. Cas. 1917C, 926; Smith v. Texas, 233 U. S. 630, 34 S. Ct. 681, 58 L. Ed. 1129, L. R. A. 1915D, 677; Prudential Ins. Co. v. Cheek, 259 U. S. 530, 42 S. Ct. 516, 66 L. Ed. 1044, 27 A. L. R. 27; Coppage v. Kansas, 236 U. S. 1, 35 S. Ct. 240, 59 L. Ed. 441, L. R. A. 1915C, 960; Jefferson & Indiana Coal Co. v. Marks, 287 Pa. 171, 134 A. 430, 47 A. L. R. 745; State v. Armstrong, 38 Idaho, 493, 225 P. 491, 33 A. L. R. 835; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; Standard Oil Co. v. City of Kearney, 106 Neb. 558, 184 N. W. 109, 18 A. L. R. 95.

█ In all such cases the courts must determine whether there be reasonable necessity for such enactment, and the reasonableness of the enactment. Replogle v. City of Little Rock, 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333; Town of Windsor v. Whitney, 95 Conn. 357, 111 A. 354, 12 A. L. R. 669.

█ We confess that other parts of said act appear to us unreasonable and indefinite. As above stated, it is required by section 3 of said act, under pains and penalties, that any person, etc., before entering into contract with the owner, driver, etc., of any motor vehicle whereby the expenses of a trip are to be shared by the cotravelers, shall first make examination "of the public records of the State of Texas" to ascertain whether the operator of the vehicle to be used in such trip has complied with the laws of Texas as to chauffeur's license, etc. Plainly this provision, if upheld, would penalize private persons in this state who contracted to go as cotravelers with the owner of any car upon a share-expense trip, without making an investigation generally, which might be construed to extend to county clerks' records, tax collectors' records, etc., for the ascertainment of the matters above mentioned. That this is unreasonable appears too plain for controversy. The rights of a private citizen cannot be so curtailed. Town of Eros v. Powell, 137 La. 342, 68 So. 632; State v. Gurry, 121 Md. 534, 88 A. 546, 47 L. R. A. (N. S.) 1087, Ann. Cas. 1915B, 957; Town of Windsor v. Whitney, 95 Conn. 357, 111 A. 354, 12 A. L. R. 669; Bowman v. Virginia State Entomologist, 128 Va. 351, 105 S. E. 141, 12 A. L. R. 1121; Carter v. Craig, 77 N. H. 200, 90 A. 598, 57 L. R. A. (N. S.) 211, Ann. Cas. 1914D, 1179; Gitlow v. People of State of New York, 268 U. S. 652, 45 S. Ct. 625, 69 L. Ed. 1138. That this is also an arbitrary invasion of personal rights and liberties, see State v. Salt Lake Tribune Pub. Co., 68 Utah, 187, 249 P. 474, 48 A. L. R. 553; Replogle v. Little Rock, 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333;

Jay Burns Baking Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 68 L. Ed. 813, 32 A. L. R. 661; Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A. L. R. 1479.

Being unable to discern any ground of interference with, danger to, or trespass upon, the public morals, health, safety, comfort, or welfare of appellant's business as shown to be conducted, and believing the act subject to the objections above discussed, the judgment remanding this appellant will be reversed and the appellant ordered discharged.