## ROEDENBECK v. GREGORY.
### No. 4094.

Court of Civil Appeals of Texas. Beaumont.

Feb. 5, 1943.

Rehearing Denied March 31, 1943.

W. T. McNeill, of Beaumont, for appellant.

W. M. Crook, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 14th day of July, 1941, appellant, Herbert Roedenbeck, a rice farmer of Harris County, made a visit to appellee, W. W. Gregory, at his home in Stowell, Texas. Appellee was a real estate agent and dealer, duly licensed to sell real estate as provided by the Real Estate Dealers License Act, 1939, Acts 46th Legislature, page 560, Art. 6573a, Vernon's Texas Supp. 1939, hereinafter referred to as the Act. On this visit appellee advised appellant that he was the agent for the sale of certain lands for which he wanted a purchaser, and then and there appellant furnished appellee the name of C. Doornbos as the name of a prospective purchaser, on appellee's agreement to pay him for the name of this purchaser one-half of the commission to be earned on the sale of the land, on condition that the sale be made to the purchaser furnished by appellant. On the 18th day of December, 1941, appellee sold to C. Doornbos, the purchaser furnished him by appellant, the lands he had for sale, and covered by his contract with appellant. This sale was brought about as the result of appellant's act in giving appellee the name of Mr. Doornbos as a prospective purchaser.

On the 14th day of July, the date of the contract between him and appellee, appellant was not engaged in the real estate business either as a salesman or dealer, and has not acted in that capacity since that date, and this was the only time that he ever furnished to a real estate dealer, on a valuable consideration, the name of a prospective purchaser. Appellant did not have on that date, and has not since held a real estate dealer's or saleman's license, as provided by the Act. Appellant's only relation to the sale of the land by appellee to Doornbos, and all that he did in connection with that sale, was to give to appellee the name of C. Doornbos as a prospective purchaser. On the undisputed evidence, appellant did everything imposed upon him by the terms of his contract with appellee to earn the agreed consideration. The commission on the sale made by appellee amounted to the sum of $3,288. On the 6th day of January, 1942, appellee repudiated his contract with appellant and refused to pay him one-half of the commission earned by him on the sale.

This suit was by appellant against appellee to recover one-half of the sum of $3,288 on allegations of fact, generally, as stated above, and ran garnishment proceedings to impound the commission earned by appellee on the sale. Appellee answered by pleading that his contract with appellant was void as being in violation of the provisions of the Act. On trial to the court without a jury, judgment was against appellant that he recover nothing as against appellee, from which appellant has prosecuted this appeal.

The court found all the facts in appellant's favor, but denied him recovery on the following conclusion of law: "While I find all of the facts necessary to support a judgment are in favor of the plaintiff, except that he failed to have a real estate dealer's license at the time in question, and being of the opinion that furnishing the name of the purchaser to defendant is prohibited by the Real Estate Dealer's License Act, unless at the time such a real estate dealer's or salesman's license was held by plaintiff, I conclude as a matter of law that this failure to have such license is fatal to his recovery and judgment has been rendered herein for the defendant."

### Opinion.

The Act is long and complicated—too long to summarize in this opinion. However, its controlling provision relating to the facts before us is that portion of Article 6573a, Sec. 2(a) (1), which provides that the term " 'Real Estate Dealer' shall include every person * * * who advertises * * * himself * * * as engaged in the business of selling * * * real estate, or assists or directs in the procuring of prospects." The Act requires real estate dealers to hold a real estate dealer's license and imposes a penalty for the violation of its provisions of a fine of not more than $500 or imprisonment in the county jail for not more than one year, or both such fine and imprisonment.

■ This is a highly penal statute restrictive in its terms, and in its pertinent provisions entirely in derogation of the common law rights of appellant and appellee to contract freely and without limitation as to a lawful subject matter, unless the transaction in issue is made unlawful by the provisions of the Act. Therefore, it must be construed strictly to the extent that reasonable minds cannot differ on the conclusion that the transaction in issue is within the coverage of the Act. Lone Star Finance v. Universal Auto Ins. Co., Tex.Civ.App., 28 S.W.2d 573; Poe v. Continental Oil & Cotton Co., Tex.Com. App., 231 S.W. 717; Railroad Commission v. Texas & New Orleans R. R. Co., Tex. Civ.App., 42 S.W.2d 1091.

■ Appellant was not engaged in the real estate business in any of its ramifications unless the furnishing to appellee of the name of C. Doornbos as a prospective purchaser made him a "dealer." As we construe the definition copied above, it contemplates that one shall be engaged in the business of furnishing the names of prospective purchasers. On this construction, appellant did not come within the provisions of the Act for the simple reason that he was not engaged in that business. If our construction is too restrictive then it is too clear for argument that to be a dealer, on the very language of the Act, one must furnish prospective purchasers— plural—and not the simple act of furnishing the name of one purchaser, on a valuable consideration, to a real estate dealer. Can it be reasonably said, in recognition of the canons of construction, that any court would hold appellant subject to the penalties of the Act for the thing done by him as reflected by the facts of this case—the giving to appellee of the name of C. Doornbos as a prospective purchaser on the mutual agreement to receive one-half of the commission on the prospective sale to be made to Mr. Doornbos.

■ What we have said above is not in contravention of Sec. 4 of Art. 6573a, which provides that "any one act set out in Section 2, Subdivision A * * * shall constitute a person * * *, real estate dealer or a real estate salesman within the meaning of this Act." Section 4 must be construed in connection with the use of the plural word "prospects," as used in the definition of real estate dealer, as copied above.

■ If we are wrong in our construction of the Act, that it does not include the transaction of appellant in giving to appellee the name of C. Doornbos as a prospective purchaser, and if in fact by this transaction the contract between appellant and appellee is condemned by the Act, then to the extent of this coverage the Act is unconstitutional. Our holding goes only to the extent of striking down as unconstitutional the provision of the Act making it unlawful for one not holding a real estate dealer's license to furnish, on a valuable consideration, the name of one prospective purchaser to a real estate dealer. The constitutionality of the provision of the Act invoked by the facts of this case can be sustained only on the theory that it constitutes a proper exercise by the State of its police power. We would agree that the regulation of the business or occupation of real estate dealers falls clearly within the police power of the State. 16 C.J.S., Constitutional Law, § 188, p. 558. But the police power "is a grant of authority from the people to their governmental agents for the protection of the health, the safety, the comfort and the welfare of the public." Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 515, 19 A.L.R. 1387. Clearly it would not aid in the protection of the health, the safety, the comfort or the welfare of the people of Texas to prohibit citizen A, who does not hold a Real Estate Dealers License, from giving to citizen B, a real estate dealer, on a valuable consideration, the name of a prospective purchaser—simple factual information and nothing more. The contract between appellant and appellee related to a private matter not affecting the general public and, therefore, was not subject to regulation by the State by the exercise of its police power. Ex Parte Martin, 127 Tex.Cr.R. 25, 74 S.W.2d 1017, and Ex Parte Garland, 142 Tex.Cr.R. 414, 154 S.W.2d 834.

■ Appellee has filed his motion to affirm the judgment of the lower court on certificate, on the theory that the record on appeal was not duly filed in this court. This motion is overruled. On the face of the transcript the appeal was seasonably filed, but appellee would show by affidavit and other evidence de hors the record that the date of the rendition of the judgment, as reflected by the transcript, is erroneous. The jurisdictional facts recited in the transcript were not subject to correction

by affidavits. Rule 406, Texas Rules of Civil Procedure; Gibson v. Singer Sewing Machine Co., Tex.Civ.App., 45 S.W. 633; State v. Martin, Tex.Civ.App., 107 S.W.2d 1089; DeLeon v. Texas Employers Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574.

It follows that the judgment of the lower court in favor of appellee must be reversed and judgment here rendered in favor of appellant for one-half of the sum of $3,288, with interest at six percent from the 6th day of January, 1942, the date of the breach of the contract by appellee, together with his costs, and that appellee be charged with the sum of $75 assessed as a reasonable attorney's fee for the garnishee. It is also ordered that appellant have judgment for the relief prayed for by him against the garnishee.

Reversed and rendered.